Kenneth Stohner, Jr.
State Bar No. 19263700
Jeremy S. Mack
State Bar No. 24046333
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000 - Telephone
(214) 953-5822 - Telecopier

ATTORNEYS FOR COMPASS BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 3:10-30561-hdh-11 |
| | § | |
| DLH Master Land Holding, LLC, | § | CHAPTER 11 |
| | § | |
| Allen Capital Partners, LLC, | § | |
| | § | |
| Debtor. | § | |

**COMPASS BANK'S OBJECTION TO DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. § 105 AND 364(c) AND (d); (II) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001 (b) AND (c); AND (III) GRANTING RELATED RELIEF**

NOW COMES Compass Bank ("Bank") and files this Objection to Debtor's Motion for Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 105 and 364(C) and (D); (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (B) and (C); and (III) Granting Related Relief (the "Motion"), and would respectfully shows as follows:

1. According to the Declaration of Richard Allen ("Declaration"), shortly prior to the filing of the voluntary petitions in these cases the Debtor DLH Master Land Holding, LLC ("DLH") was created by a merger of over seventy separate legal entities ("DLH Entities") into the Debtor DLH Master Land Holding, LLC ("DLH"). The DLH Entities owned separate tracts

of property which were subject to separate deed of trust liens securing loans from different lenders. Likewise Allen Capital Partners, LLC ("ACP") was created by the merger of approximately five separate legal entities ("Allen Entities"). The Allen Entities held ownership interests in the DLH Entities and in numerous separate project entities.

2. Compass Bank is the current owner and holder of three loans initially made by Guaranty Bank to certain DLH Entities described as follows. All of the loans matured and were due and owing prior to the filing of the bankruptcy petitions.

Master Land Loan:

    Borrowers:  DLH Master ##42-52, L.P.
                       DLH Master Parcel #33, L.P.
                       DLH Master Parcel ##35, 38, L.P.
                       DLH Master Parcel ##39, 40, L.P.
                       DLH Master Parcel #41, L.P.
                       DLH Master Parcel ##53, 64, 65, L.P.
                       DLH Master Parcel #54, L.P.
                       DLH Master Parcel ##55, 56, 57, 58, L.P.
                       DLH Master Parcel ##59, 60, 61, L.P.
                       DLH Master Parcel #66, L.P.
                       DLH Master Parcel ##67, 68, L.P.
                       DLH Master Parcel ##70-72, L.P.
                       DLH Master Parcel #79, L.P.
                       DLH Master Parcel ##80-83, L.P.
                       DLH Master Parcel #84, L.P.
                       DLH Master Parcel #104, L.P.
                       DLH Master Parcel ##108-111, L.P.
                       DLH Master Parcel #115, L.P.
                       DLH Master Parcel #140, L.P.
                       DLH Master Parcel #188, L.P.
                       DLH Master Parcel #197, L.P.
                       DLH Master Parcel ##85-89, 97, 139, L.P.

    Collateral:

(a) Approximately 1,300 acres of land described in an Amended and Restated Deed of Trust, Mortgage and Security Agreement filed as document no. 20070097952 in the Real Estate Records of Dallas County, Texas.

(b) Pledge by various Allen Entities (merged into ACP) of their ownership interests in most of the DLH Entities which were merged into DLH as described in a Security Agreement and Pledge.

Approximate Outstanding Balance: $15,338,285.85

Warehouse A Loan:

Borrower: DLH Dallas Langdon 634, LLC

Collateral:

(a) Approximately 48 acres of land and improvements thereon described in a Deed of Trust, Mortgage and Security Agreement filed as document no. 2007026896 in the Real Estate Records of Dallas County, Texas.

(b) Assignment of Leases and Rents.

Approximate Outstanding Balance: $20,033,960.25

Warehouse B Loan:

Borrower: DLH Dallas Langdon 193, LLC

Collateral:

(a) Approximately 51 acres of land and improvements thereon described in a Deed of Trust, Mortgage and Security Agreement filed as document no. 20070268939 in the Real Estate Records of Dallas County, Texas.

(b) Assignment of Leases and Rents.

Approximate Outstanding Balance: $6,379,545.92

The loans are guaranteed by ACP and Richard Allen.

3. According to the Declaration, the Borrowers under the Master Land Loan, Warehouse A Loan and Warehouse B Loan were merged pre-petition along with numerous other DLH Entities into DLH. This merger and consolidation violates the covenants and restrictions contained in the Loan Documents.

4. Compass Bank and other creditors have not had sufficient opportunity to investigate, review and understand the two mergers and consolidations which have occurred.

Compass Bank's Objection to Debtors' Motion for Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 105 and 364 (c) and (d); (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) and (c); and (III) Granting Related Relief - 5713447v.2

Page 3 of 6

The Debtors are seeking relief in the first days of this case which would likely not be available if the DLH Entities and Allen Entities had maintained their separate legal status and filed separate voluntary petitions. The Court should provide sufficient time for the creditors to investigate and review the mergers and consolidations before substantively affecting their rights and their collateral by granting various junior liens to secure loans and the use of cash collateral which may be used primarily for the benefit of other entities and their property.

DIP LOAN

5. The DIP Loan is proposed to be made by Pointe Property Group, Inc. and Allen Investments, Inc. ("DIP Lenders") which appear to be insiders of the Debtors. The amount of the proposed DIP Loan is up to $2,250,000.00 which is to be secured by a lien on all of the property of DLH, including the collateral of Compass Bank, subject only to validly existing and perfected liens on the filing date. The DIP Loan is to be used pursuant to a budget attached to the Motion.

6. The budget apparently contains expenses related to both DLH and ACP but with no clarification as to the amounts related to each Debtor. There is no indication of what services are being performed for which Debtors and particularly what services are being performed for each of the various DLH Entities merged into DLH. Compass Bank does not have sufficient information to make any determination as to reasonableness of the budget, the purposes or services accomplished by the expenses in the budget, the proposed operations of the Debtors, what portions of the budget would relate to the collateral of Compass Bank and whether a junior lien on the Compass Bank collateral is appropriate or necessary.

7. Compass Bank believes that the Court should limit any relief granted under the Motion to approve funding only for expenses which may be shown to be required or necessary to

avoid material damage to the Debtors or their assets for a thirty day period until a final hearing can be held so that a reasonable opportunity can be given to the creditors to investigate and review the facts related to the mergers, the proposed budget and operations of the Debtors and the proposed liens.

WHEREFORE, PREMISES CONSIDERED, Compass Bank respectfully prays that the Court limit the relief granted under the Motion to approve funding only for expenses shown to be required or necessary to avoid material damage to the Debtors or their assets for a period of thirty days until a final hearing can be held, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ Kenneth Stohner, Jr.
Kenneth Stohner, Jr.
State Bar No. 19263700
Jeremy S. Mack
State Bar No. 24046333
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000 – Telephone
(214) 953-5822 – Telecopier

ATTORNEYS FOR COMPASS BANK

Compass Bank's Objection to Debtors' Motion for Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 105 and 364 (c) and (d); (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) and (c); and (III) Granting Related Relief - 5713447v.2

Page 5 of 6

# CERTIFICATE OF SERVICE

This is to certify that on this 27th day of January, 2010, a true and correct copy of the foregoing was served via electronic mail and/or by United States first class mail, postage prepaid, to the following parties:

Mark E. MacDonald
MacDonald & MacDonald, P.C.
10300 N. Central Expressway
Suite 335
Dallas Texas 75231

U.S. Trustee
1100 Commerce Street
Room 976
Dallas, Texas 75242

*/s/ Kenneth Stohner, Jr.*
Kenneth Stohner, Jr.

Compass Bank's Objection to Debtors' Motion for Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 105 and 364 (c) and (d); (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) and (c); and (III) Granting Related Relief - 5713447v.2

Page 6 of 6