| | |
|---|---|
| Micheal W. Bishop, Esq.<br>State Bar No. 02354860<br>H. Joseph Acosta, Esq.<br>State Bar No. 24006731<br>LOOPER REED & MCGRAW, P.C.<br>1601 Elm Street, Suite 4600<br>Dallas, TX 75201<br><br>-AND-<br><br>Jerry D. Johnson, Esq.<br>State Bar No. 10746000<br>SNELL WYLIE & TIBBALS, PC<br>8150 North Central Expressway,<br>Suite 1800<br>Dallas, Texas 75206<br><br>ATTORNEYS FOR TIERONE BANK | Timothy J. Vineyard, Esq.<br>State Bar No. 20587000<br>Jason T. Rodriguez, Esq.<br>State Bar No. 24042827<br>HIGIER ALLEN & LAUTIN, P.C.<br>5057 Keller Springs Road, Suite 600<br>Addison, TX 75001-6231<br><br>ATTORNEYS FOR BB&T F/K/A<br>COLONIAL BANK |

**IN THE UNITED STATES BANKRUPTCY CORT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: § <br> § <br> DLH MASTER LAND HOLDING, LLC, § <br> § <br> ALLEN CAPITAL PARTNERS, LLC, § <br> § <br> Debtors. § | Chapter 11 <br><br> Case No. 10-30561-HDH-11 <br><br> Application for Joint <br> Administration Pending |

**TIERONE BANK'S AND BB&T F/K/A COLONIAL BANK OBJECTION TO DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) AUTOHRIZING DEBTORS TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. § 105 AND 364 (c) and (d); (II) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b) and (c); AND (III) GRANTING RELATED RELIEF**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COME NOW** TierOne Bank ("TierOne") and BB&T f/k/a Colonial Bank ("BB&T"), secured creditors herein, and objects to the Debtors' Motion for Interim and Final Orders (i) Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 105 and 364 (c)

and (d); (ii) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) and (c); and (iii) Granting Related Relief ("the DIP Financing Motion"). In support hereof, TierOne respectfully represents as follows:

## I.

## FACTUAL BACKGROUND

1. On January 25, 2010 (the "Petition Date"), Debtor DLH Master Land Holding, LLC ("DLH") and Allen Capital Partners, LLC ("ACP," and together with DLH, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On the following date, the Debtors filed the DIP Financing Motion seeking authority to borrow certain funds from an insider.

3. On July 18, 2008, DLH Hutchins Wintergreen 178, LLC (Borrower") entered into a Construction Loan Agreement with TierOne (the " TierOne Loan"), pursuant to which TierOne loaned the original principal sum not to exceed $47,777,365.00 (the "Principal Debt") for the purpose of developing 174.595 acres of land located at the Northwest Corner of Wintergreen Road and Lancaster-Hutchins Road in the City of Hutchins, Texas (the "Premise").

4. Borrower and TierOne also entered into an Assignment of Leases and Rents, dated July 18, 2008 (the "Lease and Rent Assignment"), pursuant to which Borrower absolutely assigned all right, title and interests in the ADESA Lease and the ADESA Rentals as well as all rents generated by any leases for the Premise.

5. Prior to the Petition Date, Borrower and ADESA Texas, Inc. ("ADESA") entered into a Reverse Built-to-Suit-Tenant Lease, dated March 31, 2008 (Triple Net) (as amended, the "

ADESA Lease"), pursuant to which Borrower agreed to lease the Premises to ADESA for numerous years.

6. Debtors were in default under its agreements with TierOne as of the Petition Date.

7. In the interest of brevity, and pursuant to Federal Rule of Bankruptcy Procedure 7010, TierOne incorporates by reference the arguments in its objection to the Debtors' cash collateral motion filed contemporaneously herewith

**II.**

**ARGUMENTS AND AUTHORITIES**

8. TierOne and BB&T object to the DIP Financing Motion because it attempts to use the rents from the Premises – which belong to TierOne – to pay the debt obligations incurred under the DIP Facility. By separate objection to the Debtors' proposed use of cash collateral, TierOne has demonstrated that the rents from the Premises are not property of the estate and therefore cannot be used to fund this reorganization, including the financing under the DIP Facility.

9. TierOne also objects to the DIP Financing Motion because it seeks to provide the proposed DIP lenders with priming liens on the Debtors' encumbered assets, namely the Premises, without showing that they have met the standards for priming liens under section 364(d) of the Bankruptcy Code. In particular, Debtors do not show that TierOne's liens on the Premises are adequately protected if the DIP Lenders' obtain a priming lien on said Premises.

10. TierOne also objects to the DIP Financing Motion because it forces the Debtors to borrow money at a high interest rate, 800 basis point above prime. The Debtors have not shown that they need this secured financing to continue operations or that the proposed loan is in the best interest of the bankruptcy estates. They also have not shown that the proposed use of the

financing, to pay down ad valorem taxes, is a better alternative than having the taxing authorities wait for distribution under a plan of reorganization. There is simply no stated reason why the taxing authorities should receive preferential treatment in this case. Additionally, in light of the Debtors significant pre-petition transfers and other actions, the DIP loan should not be considered until such time as creditors have an opportunity to further investigate the circumstances of such actions.

11. DLH should not be permitted to enter into a joint loan with ACP. There is no showing that DLH needs to borrow any money post-petition or that signing a post-petition note with ACP will be beneficial to DLH. For the same reason, DLH should not be permitted to encumber its property to secure post petition loans to ACP. It appears that ACP is trying to get DLH to fund its operating expenses, which is of no benefit to DLH. ACP is treating these two bankruptcy cases as though they have been substantively consolidated.

**WHEREFORE**, TierOne respectfully requests that this Court deny the DIP Financing Motion and provide the objectors with such other and further relief as this Court deems just and proper.

Respectfully submitted on this the 27th day of January, 2010.

LOOPER REED & MCGRAW, P.C.

By: /s/ Micheal W. Bishop
Micheal W. Bishop, Esq.
State Bar No. 02354860
H. Joseph Acosta, Esq.
State Bar No. 24006731
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 945-4135
Facsimile: (214) 953-1332

-AND-

Jerry D. Johnson, Esq.
State Bar No. 10746000
**SNELL WYLIE & TIBBALS, PC**
8150 North Central Expwy., Suite 1800
Dallas, Texas 75206
Direct Dial: (214) 932-1795
Fax Number: (214) 691-2501
Email: jjohnson@snellwylie.com

ATTORNEYS FOR TIERONE BANK


By: /s/ Timothy J. Vineyard
  Timothy J. Vineyard, Esq.
  State Bar No. 20587000
  Jason T. Rodriguez, Esq.
  State Bar No. 24042827
  Higier Allen & Lautin, P.C.
  5057 Keller Springs Road, Suite 600
  Addison, TX 75001-6231

ATTORNEYS FOR BB&T F/K/A
COLONIAL BANK


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Objection has been electronically filed in the case with the Clerk of the United States Bankruptcy Court by using the CM/ECF system and forwarded via United States first class mail, postage prepaid to those parties in interest set forth on the attached mailing matrix on this the 27th day of January, 2010.

  /s/ Micheal W. Bishop
  Micheal W. Bishop