

NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature: Harlin DeWayne Hale]*

Signed February 9, 2010

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DLH MASTER LAND HOLDING, LLC, | § | CASE NO. 10-30561-HDH-11 |
| | § | |
| ALLEN CAPITAL PARTNERS, LLC, | § | |
| | § | |
| Debtors. | § | |

**SECOND INTERIM ORDER REGARDING CASH COLLATERAL
AND ALLOWANCE OF POST-PETITION FINANCING**

The Court has considered the following motions: (1) Motion For An Interim Order (I) Authorizing Debtors To Obtain Post-Petition Financing Pursuant To 11 U.S.C. §§ 105 And 364; (II) Scheduling A Final Hearing Pursuant To Bankruptcy Rule 4001(B) And (C); and (III) Granting Related Relief (the "Post-Petition Financing Motion"), and (2) Motion For An Interim Order (I) Authorizing Use Of Cash Collateral, (II) Granting Adequate Protection To Specified Secured Lenders, and (III) Scheduling A Final Hearing (the "Cash Collateral Motion ") of the above-captioned debtors and debtors in possession (the "Debtors"). The Court held a preliminary hearing on both motions on January 28,

2010. At the January 28th hearing, the Court granted limited relief to allow the Debtors to pay certain pre-petition real estate taxes as stated on the record at the hearing. The Court set a second interim hearing on the motions on February 5 and 8, 2010, to consider whether the rents from the ADESA Lease represent the cash collateral of TierOne Bank, or whether the rents from the lease have been assigned to TierOne, and based on this determination, whether either the Cash Collateral Motion and/or the Post-Petition Financing Motion should be granted.

After reviewing the Assignment of Rents and Deed of Trust between the Debtor and TierOne, the Court finds the documents taken together are ambiguous. Further, based on the testimony at the hearings on the motions, as well as the presumption under Texas law that the parties intended a collateral assignment of rents, the Court finds that the two documents, taken together, resulted in a collateral assignment of rents. *See In re Las Torres Development, L.L.C.*, 408 B.R. 876 (Bankr. S.D. Tex. 2009).

Debtors' Exhibit #1 admitted at the hearing is a budget for the first six months of the case. At the preliminary hearing, the parties discussed a final hearing sometime in the first two weeks of March, to allow TierOne to complete an appraisal prior to the time of the hearing. Exhibit #1 lists a beginning cash balance of $643,289. This cash is not subject to TierOne's security interest, because it took no action under Texas law to enforce its lien on the rents pre-petition. *NCNB Texas Nat. Bank v. Sterling Projects, Inc.*, 789 S.W.2d 358 (Tex. App—Dallas 1990, writ dism'd w.o.j.). Based on the budget, with the exclusion of expense line items, such as "Attorney, Accounting, and Other Consulting Fees," payment of which must await a separate application and hearing, the Debtors have the available funds to use in their ordinary course of business without

depleting the pre-petition rents prior to a final hearing on the Motions.  In addition, as mentioned below, the Debtors have arranged post-petition financing.  The use of the rents as cash collateral simply can wait.  Therefore, the Cash Collateral Motion will be denied without prejudice as to the use of post-petition rents collected from the ADESA Lease.  The Debtors may file a motion to use post-petition rents, found herein to be cash collateral, at a later date upon a showing of the need to use such cash collateral and an offer of adequate protection.

The request in the Post-Petition Financing Motion was amended over the course of the hearings and limited to a lien junior to the existing liens on the Debtors' unimproved properties.  The Post-Petition Financing Motion is approved, as amended, in part to allow the Debtors to borrow up to $250,000 to pay the expenses necessary to operate until a final hearing prior to March 15, 2010.  Counsel for the Debtor shall contact the Court's Courtroom Deputy to schedule the final hearing prior to such date.  Prior to such hearing, counsel for the Debtors shall file individual budgets for both Debtor entities.  Counsel for the Debtors may also submit a separate, more detailed order approving the interim post-petition financing once a final hearing date has been obtained.

Thus, in summary, on an interim basis, the Debtors may use the pre-petition rents in the ordinary course of business and may borrow up to $250,000 of the DIP facility.  The Court encourages the parties to confer prior to the final hearing regarding the possibility of a resolution based on the Court's ruling and a budget going forward.

It is **SO ORDERED.**

### End of Order ###