IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-30561-hdh11 |
| DLH MASTER LAND HOLDING, LLC, | § | CHAPTER 11 |
| ALLEN CAPITAL PARTNERS, LLC, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## OBJECTION TO MOTION FOR AN INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL (II) GRANTING ADEQUATE PROTECTION TO SPECIFIED SECURED LENDERS, AND (III) SCHEDULING A FINAL HEARING

TO THE HONORABLE HARLAN D HALE
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Coffman Investment, L.P. ("Coffman") and Diane Coffman Garvin ("Garvin") ("Collectively referred to as "Coffman") and files this Objection (the "Objection") to Motion For An Interim Order (I) Authorizing Use Of Cash Collateral, (II) Granting Adequate Protection To Specified Secured Lenders, and (III) Scheduling A Final Hearing (the "Cash Collateral Motion") and in support would show the following:

### STATEMENT OF CASE

1. On January 25, 2010, Consolidated debtors Allen Capital Partners, LLC, Debtor DLH Master Land Holding, LLC ("DLH") (collectively referred to as "Debtors") filed for relief under Chapter 11 of the United States Bankruptcy Code.

2. On January 26, 2010 Debtors filed the Cash Collateral Motion (Docket No. 12). On February 9, 2010, a Second Interim Order Regarding Cash collateral and Allowance of Post Petition Financing ("Order") [Docket No. 78] was entered. In the Order, the Court denied the use of cash collateral but allowed the Debtor to obtain DIP financing from Pointe Property

OBJECTION TO MOTION FOR AN INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL (II) GRANTING ADEQUATE PROTECTION TO SPECIFIED SECURED LENDERS, AND (III) SCHEDULING A FINAL HEARING, Page 1

Document #: 1391999

Group, Inc and Allen Investments, Inc ("collectively the "DIP Lenders") up to $250,000.00 secured by a lien junior to the existing liens on the Debtors' unimproved properties. A separate order was then entered on February 17, 2010 reflecting the Order authorizing such DIP financing ("DIP Order") [Docket No. 97].

## FACTS

3. Coffman sold undeveloped property, referred to Debtor as Tracts 161-164 (the "Coffman Property") to DLH Master Parcel #161-164, LLC ("DLH Master") on or about September 11, 2006. In consideration DLH Master executed a promissory note in the original principal amount of $2,562,945.00 secured by vendor's lien contained in a Special Warranty Deed with Vendor's Lien, dated September 11, 2006 and Deed of Trust date September 11, 2006. The Note and Deed of Trust were subsequently amended. With permission, DLH Master sold 19.718 acres of the Coffman Property to BNSF Railways for $493,690.00.

4. Without permission from Coffman, DLH Master conveyed the remaining portion of the Coffman Property to DLH Master Land Holding, LLC.

## OBJECTION

5. First of all, Coffman objects to the granting of any lien on the Coffman Property. Any encumbrance on its property has an adverse impact on Coffman's ability to adequately protect its liens and the remedies it is entitled to under its Deed of Trust.

6. Secondly, during the hearings which took place regarding Debtors' request for use of cash collateral and DIP Financing which took place on January 28, 2010 and February 5 and 8, 2010, representatives of the Debtor testified that a portion of the proceeds from the use of cash collateral and DIP financing would be used to fund non-debtor expenses. To the extent DIP

**OBJECTION TO MOTION FOR AN INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL (II) GRANTING ADEQUATE PROTECTION TO SPECIFIED SECURED LENDERS, AND (III) SCHEDULING A FINAL HEARING, Page 2**

Document #: 1391999

Lenders was granted a lien, subordinate to the Coffman's lien on Tracts 161-64 as it relates to advances made to or for the benefit of non-debtor's, Coffman objects to the granting of such lien.

7. To the extent this court authorizes the use of cash collateral for the benefit of non-debtors and such use is adequately protected by the granting of a lien on the Coffman Property, Coffman objects to the granting of such lien.

8. Thirdly, to the extent this court authorizes the use of cash collateral and such use is adequately protected by the granting of a lien on the Coffman Property and/or as lien granted to the DIP Lender per the DIP Order, Coffman requests that the court impose the equitable remedy of Marshalling in connection with the lien granted on the Coffman Property requiring the DIP Lender or any party to foreclose any and all liens and security interests they had prior to the filing of the bankruptcy before foreclosing any lien on the Coffman Property.

9. Fourthly, to the extent the automatic stay is lifted giving any party the right to foreclose or exercise any rights or remedies as to the Coffman Property, the stay should lift as to Coffman as well.

WHEREFORE, Coffman Investment, L.P. and Diane Coffman Garvin pray that this Court grant the objections raised herein and for such other and further relief to which they would be justly entitled.

**OBJECTION TO MOTION FOR AN INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL (II) GRANTING ADEQUATE PROTECTION TO SPECIFIED SECURED LENDERS, AND (III) SCHEDULING A FINAL HEARING, Page 3**

Document #: 1391999

Respectfully submitted,

**COWLES & THOMPSON, P.C.**

By: /s/ William L. Siegel
    **WILLIAM L. SIEGEL**
    Texas Bar No. 18342480

901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

ATTORNEYS FOR COFFMAN INVESTMENT, L.P. and DIANE COFFMAN GARVIN

## CERTIFICATE OF SERVICE

    I hereby certify that on the 18th day of March 2010, a true and correct copy of the foregoing document was sent to those parties requesting service via the court's electronic service.

                                                    /s/ William L. Siegel

**OBJECTION TO MOTION FOR AN INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL (II) GRANTING ADEQUATE PROTECTION TO SPECIFIED SECURED LENDERS, AND (III) SCHEDULING A FINAL HEARING, Page 4**

Document #: 1391999