Mark E. MacDonald, TX Bar No. 12758300
Mark E. MacDonald, Jr., IL Bar No. 6217592
Daniel J. Artz, TX Bar No. 01365570
MacDonald + MacDonald, P.C.
10300 N. Central Expressway, Suite 335
Dallas, TX 75231
(214) 237-4220; Facsimile (214) 890-0818
Email: mark@macdonaldlaw.com
COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
|  | § | Case No. 3:10-30561-HDH-11 |
|  | § |  |
| **DLH MASTER LAND HOLDING, LLC** | § | Chapter 11 |
| **ALLEN CAPITAL PARTNERS, LLC** | § |  |
| **RICHARD S. ALLEN, INC.** | § |  |
| **RICHARD S. ALLEN,** | § |  |
|  | § | **JOINTLY ADMINISTERED** |
| **DEBTORS.** | § |  |

**DEBTORS' MOTION FOR AUTHORITY TO ENTER INTO
AGREEMENTS TO PAY COMMISSIONS IN CONNECTION WITH BORROWINGS
UNDER EXIT FACILITY NUNC PRO TUNC AS OF AUGUST 6, 2010**

**TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:**

Debtors, DLH Master Land Holding, LLC, (DLH) and Allen Capital Partners, LLC, (ACP) by their attorneys, move for entry of an order authorizing each Debtor to enter into agreements with one or more brokers or financial intermediaries to pay up to 2% as a commission or fee for obtaining Exit Financing to permit confirmation of Debtors' Joint Plan of Reorganization.

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is Sections 105, 328(a), 363 and 364 of the Bankruptcy Code.

**Background**

4. On January 25, 2010 (the "Petition Date"), Debtors commenced these cases by each filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. Debtors remain in possession of their assets and continue to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6. No trustee, examiner or committee of creditors has been appointed in these cases.

7. The factual background regarding each Debtor, including its current and historical business operations and the events precipitating these Chapter 11 filings, is set forth in detail in (a) Declaration of Daniel J. McAuliffe in Support of First Day Motions ("McAuliffe Declaration") and the Declaration of Richard Allen of Background Facts Regarding Debtors ("Allen Declaration"), both of which are incorporated herein by reference (collectively, the "Declarations").

8. Debtors, DLH and ACP have filed a Joint Plan of Reorganization which contemplates Exit Financing as a condition to effectiveness of the Plan. Debtors ask the Court take judicial notice of the terms of the Joint Plan of Reorganization on file with the Court.

9. Although Debtors have been in contact with a number of potential financing sources dealing directly for their own account, no term sheet has yet been obtained from any source.

## Relief Requested

10. Debtors now seek authority to enter into one or more non-exclusive agreements with potential money brokers or other financial intermediaries and negotiate commission or fee agreements in connection with obtaining Exit Financing.

11. The total commissions paid to such money brokers or other financial intermediaries would not exceed 2% of the monies actually received by Debtors under the Exit Financing facility and would only be payable in connection with one or more Debtors borrowing against the proposed Exit Facility or facilities and payable from the Exit Facility or facilities.

12. Debtors shall only enter into any such agreement with a broker or other financial intermediary which is disinterested within the meaning of the Bankruptcy Code.

13. Debtors request that any order authorizing such agreements be entered *nunc pro tunc* effective as of August 6, 2010.

14. Debtors will request that this matter be set for expedited hearing since no party an interest would be harmed by Debtors successfully obtaining the necessary Exit Financing contemplated in the Reorganization Plan, as it may be amended from time to time. Debtors aim, if possible, for an Effective Date of October 31, 2010 so time is of the essence.

15. The US Trustee has no objection to the relief requested.

WHEREFORE, Debtors respectfully request that the Court grant the requested authority as of August 6, 2010.

Respectfully submitted,


By: /s/ Mark MacDonald
　　Mark E. MacDonald
　　MacDonald + MacDonald, P.C.
　　State Bar No. 12758300
　　10300 N. Central Expressway, Suite 335
　　Dallas, Texas  75231
　　Tel.:   (214) 237-4220
　　Fax:   (214) 890-0818
　　Email:  mark@macdonaldlaw.com