Michael D. Warner, Esq. (TX Bar No. 00792304)
Rachel R. Obaldo, Esq. (TX Bar No. 24041617)
**COLE, SCHOTZ, MEISEL, FORMAN &
LEONARD, P.A.**
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
817-810-5250
817-810-5255 Facsimile

Hamid R. Rafatjoo, Esq. (CA Bar No. 181564)
**VENABLE LLP**
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
310-229-9900
310-229-9901 Facsimile

COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DLH Master Land Holding, LLC, | § | |
| Allen Capital Partners, LLC, | § | Case No. 10-bk-30561-HDH-11 |
| Richard S. Allen, Inc. | § | |
| Richard S. Allen, | § | |
| | § | |
| Debtors. | § | |
| | § | |

## EXPEDITED APPLICATION TO RETAIN AND EMPLOY
## BARRIER ADVISORS, INC., AS FINANCIAL ADVISOR TO
## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:**

The duly-appointed Official Committee of Unsecured Creditors (the "Committee") of

DLH Master Land Holding, LLC ("DLH"), and Allen Capital Partners, LLC, ("ACP") debtors

and debtors in possession (collectively, the "Debtors") hereby applies for an order, pursuant to

Sections 327 and 1103 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing it to

retain Barrier Advisors, Inc. ("Barrier") as financial advisor to the Committee.  In support of this Application, the Committee respectfully represents as follows:

<u>**INTRODUCTION**</u>

The Debtors recently filed a Disclosure Statement and Amended Plan of Reorganization and the Committee is in the process of reviewing and analyzing the Debtors' proposed reorganization efforts.  However, upon its initial review, the Committee has many issues that need to be addressed before it can make a determination whether the Amended Plan is feasible and in the best interests of general unsecured creditors.  The Plan documents include numerous financial assertions, projections, and assessments that need to be evaluated.  Moreover, the Debtors' need for exit financing will require review by the Committee for reasonableness.  In order for the Committee to fulfill its fiduciary obligations to its constituents, the Committee needs a financial advisor to assist its counsel in reviewing the Debtors' proposed reorganization plan.  The Committee should not be forced to accept the Debtors' conclusion that this is the best deal for general unsecured creditors without any independent opportunity to review the financial projections and proposed plan structure.

The Committee previously sought the retention of a financial advisor which was considered and ultimately denied by the Court without prejudice.  While the Committee understands the reasons for the Court's decision at that time, the Committee desires the opportunity to employ a financial advisor now on significantly different terms.  Most importantly, the Committee's proposed financial advisor, Barrier, will be compensated on a straight, hourly basis with no guaranteed minimum compensation, deferred fee, or success fee. The Committee believes Barrier is qualified, disinterested, has significant bankruptcy and real

76393/0000-6948013v4

estate experience, and is available to immediately assist the Committee on the basis described herein.

## BACKGROUND

1.      On January 25, 2010, (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      On February 4, 2010 (the "Committee Formation Date"), the United States Trustee, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases.  The Committee is comprised of the following members:  (1) Chuck Nichols with Sierra Farms; (2) James Guadagni; (3) Frederick B. Sainick for FKM Associates, LLC; (4) John Bergman with Valley Business Bank; (5) Edward B. Romanov, Jr.; (6) Mike Kranyak; and (7) Majid Mojibi.

3.      On March 30, 2010, the Committee filed the *Expedited Application to Retain and Employ FocalPoint Securities, LLC, as Investment Banker and Financial Advisor to the Official Committee of Unsecured Creditors* [Docket No. 187] (the "FocalPoint Application").

4.      On April 21, 2010, the Court entered its Order denying the FocalPoint Application [Docket No. 231] (the "FocalPoint Order").  The FocalPoint Order denied the FocalPoint Application without prejudice.  FocalPoint Order ¶1.

5.      On July 31, 2010, the *First Joint Plan of Reorganization for DLH and ACP* [Docket No. 458] (the "Original Plan") was filed.

6.     On August 11, 2010, the *Debtors' First Amended Joint Plan of Reorganization* [Docket No. 471] (the "First Amended Plan") and the *Disclosure Statement for Debtors' First Amended Joint Plan of Reorganization* [Docket No. 473] (the "Disclosure Statement") were filed.  A hearing on the adequacy of the Disclosure Statement is currently scheduled for September 13, 2010, at 1:30 p.m. Central.

7.     The Committee has formally voted to retain Barrier as its financial advisor.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of these proceedings is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

9.     This Application is made by the Committee for an order, pursuant to Sections 327 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the Committee to retain and employ Barrier as its financial advisor effective August 18, 2010.

10.     The Committee seeks to retain Barrier as its financial advisor because Barrier is qualified and is familiar with complicated and contentious chapter 11 cases, the real estate industry, distressed business valuation, and chapter 11 reorganizations as more fully described in the Declaration of Jeffrey A. Jones, Managing Director of Barrier Advisors, Inc., attached hereto as Exhibit A (the "Jones Declaration").

11.     The Committee desires to retain Barrier to provide such financial services as Barrier and the Committee deem necessary and beneficial to the Committee and all unsecured

creditors. As shown in the executed engagement letter (the "Engagement Letter") attached hereto as Exhibit B, the services that the Committee may request include:

- Assistance to the Committee in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance to the Committee with information and analyses should they be required pursuant to the Debtors attempt to extend or increase Debtor-In-Possession ("*DIP*") financing or to secure Exit Financing to fund a Plan of Reorganization;

- Assistance and advice to the Committee with respect to the Debtors' identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

- Assistance in the review of financial information relating to the Debtors and their business, operations, assets, and liabilities, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors in these chapter 11 cases, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis related to any proposed disclosure statements and chapter 11 plans of reorganization;

- Assist counsel in preparing for hearings and prepare for and provide testimony at hearings, as requested; and

- Render such other general business and financial consulting or such other assistance as the Committee or its counsel may deem necessary that are not duplicative of services provided by other professionals in this proceeding.

Such services, as outlined above, are subject to change as mutually agreed between the Committee and Barrier.

12.     Pursuant to the Engagement Letter, Barrier shall be compensated, subject to bankruptcy court approval, on an hourly basis at Barrier's standard hourly rates which are as follows:

| Position | Rate per Hour |
|---|---|
| Managing Director | $500 - $575 |
| Director | $425 - $475 |
| Vice President | $350 - $400 |
| Senior Associate | $275 - $325 |
| Analyst | $225 - $250 |

Moreover, Barrier will be reimbursed on a monthly basis, subject to bankruptcy court approval, for all reasonable out-of-pocket expenses incurred by Barrier in connection with the provision of services, including, but not limited to, airfare, meals, lodging, ground transportation, telephone, legal fees and other expenses.

13.     It is imperative that the Committee employ a financial advisor to render the foregoing professional services in order to assist the Committee in fulfilling its fiduciary obligations.  The Committee believes that Barrier is qualified to serve it in these chapter 11 cases and that the retention of Barrier is in the best interests of the unsecured creditors and the estates. Because of the timing of the pending hearing on the Disclosure Statement, Barrier was requested to immediately begin many of the tasks outlined in paragraph 11 above.  The services to be rendered by Barrier will not duplicate the services to be rendered by any other professionals retained by the Committee in these bankruptcy cases, and every effort will be made to ensure that Barrier's services are rendered in the most cost-effective manner possible.

76393/0000-6948013v4

14.     To the best of the Committee's knowledge, Barrier represents no other entity in connection with these cases, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and Barrier does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed.

15.     To the best of the Committee's knowledge, Barrier has no connection with the creditors or any other adverse party or their attorneys in these cases as more fully stated in the Jones Declaration.

16.     The Committee has been informed that Barrier's ultimate parent corporation is NexBank Capital ("NexBank") which shares common controlling equity ownership and overlapping board membership with Highland Capital Management, L.P. ("HCMLP") and certain of its affiliates.  The law firm of Cole, Schotz, Meisel, Forman & Leonard, P.A., which is local counsel for the Committee, represents both NexBank and HCMLP in matters completely unrelated to these chapter 11 cases.

17.     Barrier understands and accepts that the terms of its employment must be approved by the Bankruptcy Court and that the fees it will ultimately receive must be allowed by the Bankruptcy Court, pursuant to further Orders of the Court.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit C,  authorizing (i) the Committee's retention of Barrier as its financial advisor effective August 18, 2010, (ii) the payment and reimbursement of Barrier's fees and disbursements, subject to interim and final allowance thereof in accordance with Sections 330 and 331 of the Bankruptcy Code or as otherwise Ordered by the Court, and (iii) granting such other and further relief as may be just and proper.

DATED: August 19, 2010

By: /s/ Rachel R. Obaldo

Michael D. Warner, Esq. (TX Bar No. 00792304)
Rachel R. Obaldo, Esq. (TX Bar No. 24041617)
**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
817-810-5250
817-810-5255 Facsimile

and

Hamid R. Rafatjoo, Esq. (CA Bar No. 181564)
**VENABLE LLP**
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
310-229-9900
310-229-9901 Facsimile

COUNSEL FOR THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

# EXHIBIT A

Michael D. Warner, Esq. (TX Bar No. 00792304)
Rachel R. Obaldo, Esq. (TX Bar No. 24041617)
**COLE, SCHOTZ, MEISEL, FORMAN &**
**LEONARD, P.A.**
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
817-810-5250
817-810-5255 Facsimile

Hamid R. Rafatjoo, Esq. (CA Bar No. 181564)
**VENABLE LLP**
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
310-229-9900
310-229-9901 Facsimile

COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DLH Master Land Holding, LLC, | § | |
| Allen Capital Partners, LLC, | § | Case No. 10-bk-30561-HDH-11 |
| Richard S. Allen, Inc. | § | |
| Richard S. Allen, | § | |
| | § | |
| Debtors. | § | |
| | § | |

## DECLARATION OF JEFFREY A. JONES IN SUPPORT OF
## EXPEDITED APPLICATION TO RETAIN AND EMPLOY
## BARRIER ADVISORS, INC., AS FINANCIAL ADVISOR TO
## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

1.     I, Jeffrey A. Jones, am over twenty-one (21) years of age and competent to make this declaration (the "Declaration").

2.     I declare the following is true and correct under penalty of perjury as required by 28 U.S.C. § 1746, and provide the following unsworn Declaration under penalty of perjury for consideration by the Court under Bankruptcy Rule 9011(e).  Unless otherwise stated in this Declaration, I have personal knowledge about the facts stated in this Declaration.

3. I am a Managing Director of Barrier Advisors, Inc. ("Barrier"), a professional services firm engaged in the business of providing special situations investment banking services, corporate restructuring services and operational restructuring services to companies, boards of directors, management teams, creditors and other stakeholders. Barrier maintains offices at Two Galleria Tower, 13455 Noel Road, Suite 2200, Dallas, Texas 75240.

4. I submit this declaration on behalf of Barrier in support of the application dated August 19, 2010 (the "Application") of the duly-appointed Official Committee of Unsecured Creditors (the "Committee") of DLH Master Land Holding, LLC, and Allen Capital Partners, LLC, debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases seeking an order authorizing the retention and employment of Barrier as financial advisor to the Committee.

5. Barrier is a nationally recognized middle-market restructuring, special situations investment banking and performance management boutique based in Dallas, Texas. Barrier's expertise centers on chapter 11 advisory and administration, distressed asset analysis, valuation and auction expertise, situation assessment, cash flow forecasting and reorganization/liquidation plan formulation and analysis. Barrier has significant real estate restructuring and bankruptcy experience. The following is a sample of Barrier's representative transactions:

- California Coastal Communities (homebuilder bankruptcy)

- Spirit Finance (REIT restructuring)

- Bonnet Resources (distressed real estate portfolio workout)

- Bank One Mgmt Consulting Corp (distressed real estate portfolio workout)

- Epic Resorts (timeshare bankruptcy)

- Fill Ups (35 commercial mortgage restructuring & note sales)

- Fedders (industrial bankruptcy / estate wind-down)

6.      I have over 30 years of experience as a commercial banker, investment banker and restructuring advisor.  I have advised creditors committees and banks in loan collection, workout, restructuring and loan sales.  My clients have included the Official Committees of Unsecured Creditors in the following cases: Bethlehem Steel, an integrated steel company, Tokheim, a global gas pump systems manufacturer, divine, a software company and Orthodontics Centers of America, a nationwide orthodontist practice management company. Senior lender clients include JP Morgan Chase, Morgan Stanley, Goldman Sachs and Highland Capital. I have represented troubled portfolio companies in restructuring and asset sale work for US Bank, BankOne, PNC, LaSalle Bank, KeyBank, Farm Credit Services, AgriBank and CoBank.  I hold a BBA from the Cox School of Business at Southern Methodist University.  I am a Chartered Financial Analyst (CFA), a Certified Turnaround Professional (CTP) and I have a Certification in Distressed Business Valuation (CDBV).

7.      Barrier and I have the expertise and experience to assist the Committee with the issues presented in the Debtors' cases.

8.      To the best of my knowledge, information, and belief, Barrier neither holds nor represents any interest adverse to the Debtors, or their estates, in the matters for which it is proposed to be retained.  Accordingly, Barrier believes that it is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as modified by section 1107(b) of the Bankruptcy Code.

9.      Barrier has no connection with the creditors or any other adverse party or their attorneys in these cases.

10.     Barrier's ultimate parent corporation is NexBank Capital ("NexBank") which shares common controlling equity ownership and overlapping board membership with Highland Capital Management, L.P. ("HCMLP") and certain of its affiliates. The law firm of Cole, Schotz, Meisel, Forman & Leonard, P.A., which is local counsel for the Committee, represents both NexBank and HCMLP in matters completely unrelated to these chapter 11 cases.

11.     I respectfully submit that the fee structure proposed in Barrier's Engagement Letter with the Committee, dated August 19, 2010 (a copy of which is attached as Exhibit B to the Application), is similar to fee arrangements which have been authorized in other chapter 11 cases in which other financial advisors have rendered services and is reasonable in light of industry practice, market rates both in and out of chapter 11 proceedings, Barrier's experience, and the scope of work to be performed pursuant to Barrier's retention.

12.     Barrier intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders entered by the Court. Barrier has agreed to accept as compensation such sums as may be allowed by the Court. Barrier understands that interim and final fee awards are subject to approval by this Court.

Dated: August 19, 2010

Jeffrey A. Jones
Managing Director
Barrier Advisors, Inc.

76393/0000-6948264v4

# EXHIBIT B



Barrier Advisors, Inc.
Six Landmark Square
4th Floor
Stamford, CT 06901
Main 203.644.9069
www.barrieradvisors.com

Barrier Advisors, Inc.
Two Galleria Tower
13455 Noel Road, Suite 2200
Dallas, Texas 75240
972.763.4000 Main
972.763.4001 Fax

August 19, 2010

The Official Committee of Unsecured Creditors (the **"Committee"**) of DLH Master Land Holding, LLC ("DLH") and Allen Capital Partners, LLC ("ACP"), (together with their subsidiaries and affiliates, collectively, the **"Company,"** or the **"Debtors"**), in care of:

Committee Co-Chairmen
Mr. Chuck Nichols
Mr. Edward B. Romanov, Jr.
Frederick B. Sainick, Esq.
Official Committee of Unsecured Creditors of
DLH Master Land Holdings, LLC and
Allen Capital Partners, LLC

> **Re: Engagement of Barrier Advisors, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors**

Dear Committee Co-Chairmen:

1. **Introduction**

   This letter sets forth our current understanding of the scope and objectives of the proposed assignment (the "**Services**") as well as the general terms and conditions for the retention of Barrier Advisors, Inc. ("**Barrier**") by the Committee. We agree that this letter of engagement (the "**Engagement Letter**" or the **"Engagement"**) and the Standard Terms and Conditions attached hereto constitute the engagement contract (the "**Engagement Contract**") pursuant to which such Services will be provided, effective as of August 18, 2010. Capitalized terms used in this Engagement Letter and not otherwise defined herein shall have the meaning ascribed to such terms in the attached Standard Terms and Conditions.

2. **Scope of Services**

   Based on our discussions, our understanding of the scope of this assignment is as follows:

   - Assistance to the Committee in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

   - Assistance to the Committee with information and analyses should they be required pursuant to the Debtors attempt to extend or increase Debtor-In-Possession (**"DIP"**) financing or to secure Exit Financing to fund a Plan of Reorganization;

**Confidential**
76393/0000-6946333v3

76393/0000-6946333v4

- Assistance and advice to the Committee with respect to the Debtors' identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

- Assistance in the review of financial information relating to the Debtors and their business, operations, assets, and liabilities, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors in these chapter 11 cases, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis related to any proposed disclosure statements and chapter 11 plans of reorganization;

- Assist counsel in preparing for hearings and prepare for and provide testimony at hearings, as requested; and

- Render such other general business and financial consulting or such other assistance as the Committee or its counsel may deem necessary that are not duplicative of services provided by other professionals in this proceeding.

Such services, as outlined above, are subject to change as mutually agreed between us.

**3. Engagement Fee Structure**

Barrier's compensation for the Services rendered under this Engagement Contract will consist of the following cash fees:

a. Advisory fees in connection with the Engagement Contract will be paid by the Company, subject to bankruptcy court approval, on an hourly basis at Barrier's standard hourly rates (the **"Advisory Fees"**), which are included in the following table:

| Position | Rate per Hour |
|---|---|
| Managing Director | $500 - $575 |
| Director | $425 - $475 |
| Vice President | $350 - $400 |
| Senior Associate | $275 - $325 |
| Analyst | $225 - $250 |

b. <u>Expenses.</u>  In addition to the fees outlined above, Barrier will be reimbursed on a monthly basis, subject to bankruptcy court approval, for all reasonable out-of-pocket expenses incurred by Barrier in connection with the provision of the Services, including, but not

limited to, airfare, meals, lodging, ground transportation, telephone, legal fees and other expenses.

Invoices for fees and expenses incurred in connection with this Engagement will be provided on a regular basis to the Company, with a copy provided to both the Committee and counsel for the Committee (**"Committee Counsel"**).  Barrier intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee.

Neither the Committee, its constituents, nor any of its advisors or professionals (including, but not limited to the Committee Counsel), shall be liable for the fees, expenses or other amounts payable to Barrier hereunder.

## 4.   Privileged and Confidential Work Product

All work product, including written reports, memoranda or status summaries that Barrier prepares under this Engagement Contract shall be prepared at Committee Counsel's direction, will be maintained in accordance with our retention procedures and shall be labeled "Privileged and Confidential."  Further, all work that we perform in connection with this Engagement Contract constitutes attorney work product and is protected by the attorney-client privilege and will be prepared by Barrier in its role as an expert, unless specifically designated otherwise and shall be deliverable solely to Committee Counsel or such other person (including the Committee) as Committee Counsel or the Committee directs.  All confidential communications to or from Committee Counsel (including, without limitation, any correspondence, analyses, reports, or any information gained from the inspection of any records or documents provided by Committee Counsel or the Committee, and related materials Barrier prepares or receives from Committee Counsel or the Committee) constitute confidential and privileged communications, and except as may be required by law, regulation or valid judicial or administrative process, we will not disclose or deliver to anyone (including the Company) other than the Committee, without Committee Counsel's permission, the content of any oral or written confidential communications received during the course of this Engagement.

## 5.   Terms and Conditions

The Standard Terms and Conditions attached hereto and incorporated by reference define and describe the duties of each party with respect to the Services.  Further, this Engagement Letter and the Standard Terms and Conditions attached comprise the entire Engagement Contract for the provision of the Services to the exclusion of any other express or implied terms, whether expressed orally or in writing, including any conditions, warranties and representations and shall supersede all previous letters of engagement, undertakings, agreements and correspondence regarding the Services.

## 6.   Governing Law and Jurisdiction

The Engagement Contract shall be governed by and interpreted in accordance with the laws of Texas.  The United States Bankruptcy Court for the Northern District of Texas shall have exclusive jurisdiction in relation to any claim, dispute or difference concerning the Engagement

Contract and any matter arising from it. The parties hereto irrevocably waive any right they may have to object to any action being brought in such court, to claim that the action has been brought to an inconvenient forum or to claim that such court does not have jurisdiction.

### 7. Conflicts of Interest

We have undertaken a standard review to determine Barrier's connections with the persons and entities that you have identified. From the results of such review, we are not aware of any conflicts of interest. It is possible that there may be connections, either past or currently existing, that need to be brought to your collective attention as Barrier becomes familiar with the universe of parties who are involved in this assignment. Any such disclosure will be promptly made by Barrier.

Barrier discloses that its ultimate parent corporation is NexBank Capital which shares common controlling equity ownership and overlapping board membership with Highland Capital Management, LP and certain of its affiliates.

### 8. Form of Report

Any report produced by Barrier in connection with the Engagement Letter shall be in such form as is mutually satisfactory to the parties of this Engagement Contract.

### 9. Acknowledgement and Acceptance

Please acknowledge your acceptance of the terms of our Engagement Contract by signing the confirmation below and returning a copy of each to us at the above address.

We are delighted to accept this engagement and look forward to working with you on this assignment. If you have any questions, please do not hesitate to contact me at 972-763-4050.


Regards,

Jeffrey A. Jones
Managing Director


Attachment – As stated

With a copy to Committee Counsel:
Hamid R. Rafatjoo, Esq. & Richard L. Wasserman, Esq., Venable LLP
Michael D. Warner, Esq., Cole, Schotz, Meisel, Forman & Leonard, P.A.

Official Unsecured Creditors Committee of
DLH Master Land Holdings, LLC and
Allen Capital Partners, LLC
August 19, 2010

<u>**Confirmation of Terms of Engagement**</u>

**The Committee agrees, subject to bankruptcy court approval, to engage Barrier Advisors upon the terms set forth herein and the attached Standard Terms and Conditions.**

By:

Signed:      Fred Sainick, Esq.
         Committee Co-Chairman

Date: _Aug. 19, 2010_

# BARRIER ADVISORS, INC.
## STANDARD TERMS AND CONDITIONS

The following are the Standard Terms and Conditions under which we will provide the Services to you set forth within the Engagement Letter to which these Standard Terms and Conditions are attached. The headings and titles below are included to make it easier to read but do not form part of the Standard Terms and Conditions. Capitalized terms used in the Standard Terms and Conditions and not otherwise defined herein shall have the meaning ascribed to such terms in the Engagement Letter. The terms "you" and "your," as used herein, refer to both the Committee and Committee Counsel. The term "Company," as used herein, refers to DLH Master Land Holding, LLC ("DLH") and Allen Capital Partners, LLC ("ACP"). The term "Estates" refers to the Company's bankruptcy estates. The terms "us," "we," "our," and "Barrier," as used herein, refer to Barrier Advisors, Inc.

## 1. Reports and Advice

1.1 **Reliance on drafts** – The Committee acknowledges that no reliance shall be placed on draft reports, conclusions or advice, whether oral or written, issued by us as the same may be subject to further work, revision and other factors which may mean that such drafts are substantially different from any final report or advice issued.

1.2 **Our responsibility for final reports** - In the event we will be acting as independent experts, our reports or advice must be objective and impartial. While we will be prepared to discuss draft reports, which do not constitute our final opinion, the content of our final report is a matter for us, alone, to decide.

1.3 **Use and purpose of advice and reports** - Any advice given or report issued by us is provided solely for the use and benefit of the Committee and/or Committee Counsel and only in connection with the purpose in respect of which the Services are provided. We assume no responsibility to any third party to which any advice or report by us is disclosed or otherwise made available.

## 2. Information and Assistance

2.1 **Provision of information and assistance** - Our performance of the Services is dependent upon the Company providing us with such information and assistance as we may reasonably require from time to time.

2.2 **Responsibility for information provided** - Any reports issued or conclusions reached by us shall, at least in part, be based upon information provided by the Company, the Committee and/or Committee Counsel.

2.3 **No assurance on financial data** – Barrier's work product may include an analysis of financial accounting data; however, the Services will not include an audit, compilation or accounting review of any kind of any financial statements thereof. The Company and members of its management shall be responsible for the veracity of all financial information provided to us during the course of this Engagement, and we will not examine or compile any such financial information. Accordingly, as part of this Engagement, we will not render an audit opinion or other form of assurance on the financial statements or financial components of the Company.

2.4 **Prospective financial information** - We will express no assurance of any kind in the event the Services involve prospective financial information. There will usually be differences between estimated and actual results, because events and circumstances frequently do not occur as expected, and those differences may be material. We will take no responsibility for the achievability of the expected results anticipated by the management of the Company.

2.4 **Ownership**

2.5.1 **Barrier Property** – Barrier has created, acquired, owns or otherwise has rights in, and may, in connection with the performance of the Services employ, provide, modify, create, acquire or otherwise obtain rights in, various concepts, ideas, methods, methodologies, procedures, processes, know-how, and techniques, models, templates; software, user interfaces and screen designs; general purpose consulting and software tools, utilities and routines; and logic, coherence and methods or operation of systems (collectively the "***Barrier Property***"). Barrier retains all ownership rights in the Barrier Property. The Committee shall acquire no right or interest in such property, except for the license expressly granted in the next paragraph. We acknowledge that that Barrier Property shall not include any of the Estates' confidential information or tangible or intangible property, and we shall have no ownership rights in such property.

2.5.2 **Ownership of Deliverables** – Except for Barrier Property, and upon full and final payment to Barrier under the Engagement Contract, the tangible items specified as deliverables or work product in the Engagement Contract including any intellectual property rights appurtenant thereto (the "***Deliverables***") will become the property of the Committee. If any Barrier Property is contained in any of the Deliverables, Barrier hereby grants the Committee a royalty-free, paid-up, non-exclusive, perpetual license to use such Barrier Property in connection with its use of the Deliverables.

### 3. Fees and Additional Services

3.1 **Changes to Services** – The Committee or Barrier may request changes to the Services. Any variation to the Engagement Letter, including any variation to fees, services or time for performance of the Services, must be separately agreed to in writing and, if agreed, shall form part of the Engagement Contract.

3.2 **Payment of fees -** Fees and expenses shall be payable solely by the Company's estate and no fees, costs or expenses hereunder shall be payable from the Committee or any individual member thereof. Barrier shall periodically submit fee applications to the Bankruptcy Court for approval as required.

3.3 **Responsibility for other parties -** The Committee shall be solely responsible for the work and fees of any other party engaged by the Committee to participate in the Engagement.

### 4. Confidentiality

4.1 **Restrictions on confidential information** – All parties (the Committee and Barrier) agree that any confidential information received from the other party shall only be used for the purposes of providing or receiving Services under this or any other contract between us. Except as provided below, no party to this Engagement Contract will disclose the other party's confidential information to any third party without the other party's consent. Confidential information shall not include information that:

4.1.1 is or becomes generally available to the public other than as a result of a breach of an obligation under this clause;

4.1.2 is acquired from a third party who, to the knowledge of the recipient, owes no obligation of confidence in respect of the information; or

4.1.3 is or has been independently developed by the recipient.

4.2 **Disclosing confidential information -** Notwithstanding clause 4.1 above, any party to this Engagement Contract will be entitled to disclose confidential information of the other to a third party to the extent that this is required by law or regulation or requested pursuant to valid legal, administrative or judicial process, or the order of a court.

4.3 **Citation of engagement -** Without prejudice to Clause 4.1 and 4.2 above, we may cite generally the performance of the Services to our clients and prospective clients as an indication of our experience, unless we both specifically agree otherwise in writing.

4.4 **Maintenance of workpapers -** Notwithstanding the above, we may keep archives of our working papers from the Engagement, including working papers containing or reflecting confidential information.

### 5. Termination

5.1 **Termination of Engagement with notice** – Any party to this Engagement Contract (the Committee or Barrier) may terminate the Engagement for whatever reason upon 30 days written notice to the other parties. The Estate will continue to be responsible for all fees and expenses incurred by Barrier through the date such termination becomes effective.

5.2 **Continuation of terms -** The following terms of the Engagement Contract shall survive its termination or expiration and continue to bind all parties: terms relating to payment of fees and expenses, confidentiality, limitation on liability, commencement of legal proceedings, and waiver of jury trial.

### 6. Limitation on Claims and Liability Limitation

6.1 **Limitation on Claims** – As a material part of the consideration for Barrier to furnish its Services under this Engagement Contract, none of the Company, the Estates and/or the Committee shall pursue claims against Barrier

and its partners, agents, stockholders, directors, officers, affiliates, employees and affiliates (each a **"Barrier Party"**) for any and all losses, claims, damages, liabilities, costs and expenses (including, but not limited to fees and disbursements of counsel) relating to or arising out of Barrier's engagement pursuant to this Engagement Contract or the Services Barrier renders under this Engagement Contract, except for a claim for willful misconduct or fraudulent behavior of Barrier relating to such Services.

**6.2 Limitation of liability** – In no event shall Barrier and the Barrier Parties be liable hereunder, whether a claim be in tort, contract or otherwise:

6.2.1 for any amount in excess of the total professional fees paid by the Company and/or Estates under this Engagement Contract; or

6.2.2 for any consequential, special, indirect, incidental, punitive or exemplary damages, costs, expenses, or losses (including, without limitation, lost profits and opportunity costs).

Barrier shall not be liable to any parties on the Committee for any action taken or omitted to be taken in connection with this Engagement, except for its own finally determined willful misconduct or fraudulent behavior.

6.3 NOT USED

6.4 **Waiver of jury trial** - EACH PARTY TO THIS ENGAGEMENT CONTRACT HEREBY EXPRESSLY, VOLUNTARILY, KNOWINGLY AND IRREVOCABLY WAIVES ANY CONSTITUTIONAL OR OTHER RIGHT SUCH PARTY MAY HAVE TO A TRIAL BY JURY IN THE EVENT OF LITIGATION CONCERNING ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING UNDER THIS ENGAGEMENT CONTRACT, THE PARTIES' PERFORMANCE HEREUNDER OR ANY OTHER INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH OR (B) IN ANY WAY CONNECTED WITH, OR RELATED TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT TO ANY INSTRUMENT, DOCUMENT OR AGREEMENT RELATED IN ANYWAY

WHATSOEVER TO THE SUBJECT MATTER OF THIS ENGAGEMENT CONTRACT; AND IN ANY CASE, WHETHER NOW OR HEREAFTER ARISING AND WHETHER SOUNDING IN TORT, CONTRACT OR OTHERWISE. ANY PARTY TO THIS ENGAGEMENT CONTRACT MAY FILE AN ORIGINAL COUNTERPART OR COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE PARTIES HERETO TO THE WAIVER OF THEIR RIGHT TO TRIAL.

7. **Results** - THE COMMITTEE ACCEPTS AND ACKNOWLEDGES THAT WE HAVE NOT MADE ANY WARRANTIES OR GUARANTEES OF ANY NATURE WITH RESPECT TO THE RESULTS, OUTCOME, OR FINAL DEVELOPMENTS IN THIS MATTER OR WITH RESPECT TO THE ECONOMIC, FINANCIAL OR OTHER RESULTS WHICH YOU MAY EXPERIENCE AS A RESULT OF THE PROVISION OF THE SERVICES. FURTHER, BARRIER HEREBY DISCLAIMS ALL OTHER WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

8. **Working for Other Clients -** We will not be prevented or restricted by anything in the Engagement Contract from providing services to other clients in matters that are not directly related to this Engagement. We will take steps reasonably required to ensure that confidential information communicated to us during the course of this Engagement will be maintained confidentially.

9. **Force Majeure -** Neither the Committee nor Barrier shall be liable for any delays resulting from circumstances or causes beyond its reasonable control, including, without limitation, fire or other casualty, act of God, strike or labor dispute, war or other violence, or any law, order or requirement of any governmental agency or authority.

10. **Independent Contractor -** It is understood and agreed that each of the parties hereto is an independent contractor and that neither party is or shall be considered an agent, distributor, or representative of the other. Neither party shall act or represent itself, directly or by implication, as an agent of the other or in any manner assume or create any obligation on behalf of, or in the name of, the other. Barrier shall not have any duties, fiduciary or otherwise, or obligations to the Company, or any holders of its equity

securities, other than as expressly set forth in this Engagement Contract.

11. **Assignment -** Except as otherwise provided herein, neither party may assign or transfer any of its rights or obligations without the prior written consent of the other party.

12. **Severability -** In the event that any term or provision of this Agreement shall be held to be invalid, void, or unenforceable, then the remainder of this Agreement shall not be affected, and each such term and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

13. **Counterparts** This Agreement may be signed in counterparts, and all such counterparts shall be deemed to be a single, original Agreement.

14. **Electronic Mail Communications -** Barrier may communicate with the Committee by electronic mail or otherwise transmit documents in electronic form during the course of this engagement. The Committee hereby accepts the inherent risks of these forms of communication (including the security risks of interception of or unauthorized access to such communications and the risks of viruses or other harmful devices) and agrees that it may rely only upon a final hardcopy version of a document or other communication that Barrier transmits the Committee.

# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DLH Master Land Holding, LLC, | § | |
| Allen Capital Partners, LLC, | § | Case No. 10-bk-30561-HDH-11 |
| Richard S. Allen, Inc. | § | |
| Richard S. Allen, | § | |
| | § | |
| Debtors. | § | |
| | § | |

## ORDER APPROVING EXPEDITED APPLICATION TO RETAIN AND EMPLOY BARRIER ADVISORS, INC., AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the application dated August 19, 2010, (the "<u>Application</u>")[1] of the duly-appointed Official Committee of Unsecured Creditors (the "<u>Committee</u>") of DLH Master Land Holding, LLC ("<u>DLH</u>"), and Allen Capital Partners, LLC, ("<u>ACP</u>") debtors and debtors in possession (collectively, the "<u>Debtors</u>") for an order under 11 U.S.C. §§ 327 and 1103, and Fed. R. Bankr. P. 2014 authorizing the employment and retention of Barrier Advisors, Inc. ("<u>Barrier</u>") as financial advisor to the Committee in the Debtors'

---

[1] Any capitalized terms not defined herein shall have the same meaning ascribed to them in the Application.

Chapter 11 cases; and upon the Declaration of Jeffrey A. Jones in Support of Expedited Application to Retain and Barrier Advisors, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors (the "Jones Declaration"); and this Court having found that:

(i)     The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334.

(ii)    This is core proceeding pursuant to 28 U.S.C. § 157.

(iii)   The proposed retention of Barrier as financial advisor to the Committee is in the best interests of the Committee, the Debtors' respective estates, their respective creditors and other parties-in-interest.

(iv)   Barrier does not hold or represent interests adverse to the Committee or the Debtors' estates.

(v)    Proper and adequate notice of the Application has been given and that no other further notice is necessary.

THEREFORE, IT IS HEREBY ORDERED THAT

1.     The Application is granted.

2.     The Committee is authorized to retain Barrier as its financial advisor effective as of August 18, 2010, pursuant to Bankruptcy Code §§ 327, and 1103, and as generally described in the Application and the Jones Declaration.

3.     Barrier shall be compensated for services rendered to the Committee, including fees and expenses incurred, pursuant to the filing and allowance of appropriate applications for allowance of interim and final compensation in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, the Federal Rules of

Bankruptcy Procedure, the Local Rules of this Court, and any other Order entered by this Court establishing procedures for the interim compensation and reimbursement of expenses of professionals retained herein; and

4.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

# # # End of Order # # #