Robert Yaquinto, Jr.
State Bar No. 22115750
SHERMAN & YAQUINTO, L.L.P.
509 N. Montclair Avenue
Dallas, Texas 75208-5498
214/942-5502   Fax: 214/946-7601
ATTORNEY FOR POOL 2 SECURED CREDITORS

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **DLH Master Land Holding, LLC** | § | Case No. 3:10-30561-hdh-11 |
| and | § | |
| **Allen Capital Partners, LLC,** | § | Chapter 11 |
| | § | |
| **Debtors.** | § | |

POOL 2 SECURED CREDITORS'
OBJECTIONS TO DISCLOSURE STATEMENT FOR DEBTORS'
FOURTH JOINT PLAN OF REORGANIZATION
FILED APRIL 4, 2011

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Pool Secured Creditors ("Pool 4 Secured Creditors"), secured creditors herein, and file these Objections to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization filed April 4, 2011 (the "**Disclosure Statement**"):

1. The following are " Pool 2 Parcels" note holders who join in these Objections to the Disclosure Statement: **Van de Green Investments Tract**, owners and holders of a promissory note secured by the real estate described as Parcel 3 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; **1086 Capital Partners I, Ltd & 1086 Hutchins/Wilmer L.P.**, owners and holders of promissory notes secured by the real estate described as Parcel 4 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; **1086 Capital Partners I, Ltd & 1086**

**Hutchins/Wilmer L.P.**, owners and holders of promissory notes secured by the real estate described as Parcel 5 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; **Wintergreen 42 Acre Dev. Tract**, owner and holder of a promissory note secured by the real estate described as Parcel 8 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; **Wintergreen Realty Corp.**, owner and holder of a promissory note secured by the real estate described as Parcel 9 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; **Wintergreen Investment Tract**, owner and holder of a promissory note secured by the real estate described as Parcel 10 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; **Wintergreen 188 Tract**, owner and holder of a promissory note secured by the real estate described as Parcel 11 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; **Dallas County Farm Joint Venture**, owner and holder of a promissory note secured by the real estate described as Parcel 13 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; **Dallas County Development Tract No. 5**, owner and holder of a promissory note secured by the real estate described as Parcel 20 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; **1086 Capital Partners I, Ltd & 1086 Hutchins/Wilmer L.P.**, owners and holders of a promissory note secured by the real estate described as Parcel 28 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; **1086 Capital Partners I, Ltd & 1086 Hutchins/Wilmer L.P.**, owners and holders of a promissory note secured by the real estate described as Parcel 29 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; **Forty-Three Acre**

**Investment**, owner and holder of a promissory note secured by the real estate described as Parcel 30 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; **Forty-Three Investment Tract 2**, owner and holder of a promissory note secured by the real estate described as Parcel 31 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; and **55-Acre Investment Tract**, owner and holder of a promissory note secured by the real estate described as Parcel 34 in Exhibit A-2 to Disclosure Statement for Debtors' Fourth Joint Plan of Reorganization Filed April 4, 2011; have been classified as a "Pool 2" Secured Creditors of Debtor DLH Master Land Holding, L.L.C. ("DLH") in the Disclosure Statement and in the Fourth Joint Plan of Reorganization for Allen Capital Partners, LLC and DLH Master Land Holding, LLC (hereinafter referred to as "**the Plan**")and are hereinafter referred to as "**Pool 2 Secured Creditors**."

2. 11 U.S.C. §1125 requires a plan proponent to submit to the creditors a disclosure statement that gives them enough information about the treatment of their claims so that they can decide to vote for or against the plan. The Disclosure Statement offered to this Court and the creditors fails to do so.

3. Pool 2 Secured Creditors have their collateral held by Reorganized Debtor if payment equal to 2.75% of the principal amount is paid to each Pool 2 Secured Creditor within 14 days of the effective date. The interest rate stated in the Disclosure Statement is 5.5%. The Disclosure Statement does not state what happens when Reorganized Debtor fails to make the initial payment. Because there is no certainty that sufficient exit financing will be available, this event is more than a possibility. The Disclosure Statement must clearly the effect of a default on this first payment and any subsequent payments.

4. The next 2.75% payment is due one year the date of the first payment. Once the payments begin, they are interest only for 3 years after the effective date. At the expiration of 3 years, the Disclosure Statement says that Debtor shall make equal payments of principal and interest sufficient to amortize the then outstanding balance of the Pool 2 Notes over ten (10) years. The Disclosure Statement does not state if the "equal payments of principal and interest" are to made semi-annually or monthly nor does it state whether they are regular equal payments comprised of principal and interest.

5. The Disclosure Statement provides that the payments shall be sufficient to fully amortize the then outstanding debt over ten (10) years. The Disclosure Statement does not state if the ten (10) year amortization is calculated as of the effective date or as of the third year anniversary of the effective date.

6. The Disclosure Statement does not describe the all of current liens that encumber Pool 2 parcels. The Debtor requested and the Bankruptcy Court allowed subordinate liens to attache to Pool 2 parcels. The pre-petition merger and the post-petition financing liens constituted defaults under the loan documents evidencing the Pool 2 debt. The Disclosure Statement needs to describe the subordinate debt and expressly confirm that all such subordinate liens (including any DIP Facility, DIP Financing, or Exit Financing) shall be released as of the Effective Date and/or shall not encumber Pool 2 Secured Creditors' collateral.

7. Pool 2 Secured Creditors adopt and join any objections to the Disclosure Statement asserted by any other party in interest.

**PRAYER**

Pool 2 Secured Creditors request that this Court SUSTAIN the foregoing objections to the Disclosure Statement; request this Court to order such modifications and/or amendments to

the Disclosure Statement that satisfy the foregoing objections; and request any and all other relief to which Pool 2 Secured Creditors may show themselves entitled.

RESPECTFULLY SUBMITTED,


　/s/ Robert Yaquinto, Jr　
Robert Yaquinto, Jr.
State Bar No. 22115750
SHERMAN & YAQUINTO, L.L.P.
509 N. Montclair Avenue
Dallas, Texas 75208-5498
214/942-5502   Fax: 214/946-7601
ATTORNEY FOR POOL 4 SECURED CREDITORS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 11, 2011, a true and correct copy of the foregoing document was served on the parties listed on the court's ECF noticing system via electronic mail.


*/s/ Robert Yaquinto, Jr.*
Robert Yaquinto, Jr