Mark E. MacDonald, TX Bar No. 12758300
Daniel J. Artz, TX Bar No. 01365570
MacDonald + MacDonald, P.C.
10300 N. Central Expressway, Suite 335
Dallas, TX 75231
(214) 237-4220; Facsimile: (214) 890-0818
Email: mark@macdonaldlaw.com

COUNSEL FOR DLH MASTER LAND HOLDING, LLC
AND ALLEN CAPITAL PARTNERS, LLC, DEBTORS
AND DEBTORS IN POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>DLH Master Land Holding, LLC,<br>Allen Capital Partners, LLC,<br>Richard S. Allen, Inc.<br>Richard S. Allen,<br><br>Debtors. | Case No. 10-30561-HDH-11<br><br>Jointly Administered |

## MOTION PURSUANT TO RULE 9019 FOR ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN DLH AND THE ALLEN GROUP, INC. REGARDING 380 PROJECT DEVELOPMENT AND FINANCING AGREEMENT WITH THE CITY OF HUTCHINS, TEXAS

Debtor and Debtor in possession DLH Master Land Holding, LLC ("DLH") files this *Motion Pursuant to Rule 9019 for Order Approving Settlement Agreement between DLH and the Allen Group, Inc. Regarding 380 Project Development and Financing Agreement with the City of Hutchins, Texas* (the "Motion"). In support of the Motion, DLH respectfully shows the Court as follows:

# I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b). Under 28 U.S.C. §§ 1408 and 1409, venue in this District is proper. The predicates for relief requested herein are 11 U.S.C. §105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

# II.
## BACKGROUND

**A.      The Chapter 11 Case**

2. On January 25, 2010 (the "Petition Date"), Debtor DLH commenced its case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. DLH remains in possession of its assets and continues to operate and manage its businesses as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4. No trustee or examiner has been appointed in any of the cases administratively consolidated with that of DLH.

5. An Official Committee of Unsecured Creditors (the "Creditors Committee") has been appointed.

6. The factual background regarding DLH, including its current and historical business operations and the events precipitating its Chapter 11 filing, is set forth in detail in (i) the *Declaration of Daniel J. McAuliffe in Support of First Day Motions* and (ii) the *Declaration of Richard Allen of Background Facts Regarding Debtors*, both of which are incorporated herein by reference.

7. To the extent further factual background is required regarding DLH's Chapter 11 proceeding, DLH respectfully requests that the Court take judicial notice of the testimony and exhibits admitted at the evidentiary hearings to date.

**B. Sale of the ADESA Property**

8. On March 11, 2008, DLH filed (i) an *Expedited Motion to Sell the ADESA Property Free and Clear of Liens, Claims and Encumbrances* [Docket No. 808] (the "ADESA Sale Motion") and (ii) an *Expedited Motion for the Approval of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365* [Docket No. 811 (the "ADESA Assumption and Assignment Motion" and together with the ADESA Sale Motion, the "ADESA Motions").

9. Included within the definition of the ADESA Property (as defined in the ADESA Sale Motion) (and in fact the primary asset of the ADESA Property) is that certain *Reverse Build-To-Suit Single-Tenant Lease (Triple Net)*, dated March 31, 2008 (as amended, the "ADESA Lease"), between DLH Hutchins Wintergreen 178, LLC ("DLH Hutchins") and ADESA Texas, Inc. ("ADESA"). Prior to the Petition Date, DLH Hutchins was merged into DLH, and therefore DLH is a successor in interest to the ADESA Lease and is the current landlord under that lease, and ADESA is the sole tenant.

10. Expressly excluded from the ADESA Motions and that certain *Purchase and Sale Agreement* ("PSA") concerning the sale of the ADESA Property between DLH, as seller, and Longo Real Estate Services, Inc. d/b/a Cardinal Industrial and Fortress Credit Corp. or their designee, as purchaser (collectively, "Purchaser"), is that certain *380 Project Development and Financing Agreement*, dated March 2, 2009 (the "City of Hutchins Contract") between non-debtors the City of Hutchins, Texas (the "City") and the Allen Group, Inc. (the "Allen Group").

A copy of the City of Hutchins Contract is attached hereto as <u>Exhibit A</u>. The Allen Group, a non-debtor, is currently a wholly-owned asset of the Chapter 11 estate of Debtor Richard S. Allen ("Allen"). Allen supports this settlement.

11. On March 18, 2011, this Court conducted an evidentiary hearing on the ADESA Motions (the "ADESA Sale Hearing"). While the ADESA Motions were orally approved at the ADESA Sale Hearing, at that hearing a dispute arose as to who is the rightful property owner and/or beneficiaries of the rights existing under the City of Hutchins Contract. There is a benefits sharing provision in paragraph 33 of the ADESA Lease, which contemplated that DLH and ADESA would jointly negotiate with the City concerning any such benefits. That joint negotiation never occurred, and the agreement ultimately reached with the City was the City of Hutchins Contract between the City and non-debtor the Allen Group. Since the City of Hutchins Contract was excluded from the sale of the ADESA Property, the Court declined to make any determinations regarding the City of Hutchins Contract at the ADESA Sale Hearing and reserved the matter for later resolution. The Court did, however, direct DLH to promptly institute a contested matter to determine the rightful property owners and/or beneficiaries under the City of Hutchins Contract.

12. On March 24, 2011, this Court entered its *Order Approving (I) Expedited Motion to Sell the ADESA Property Free and Clear of Liens, Claims and Encumbrances and (II) Expedited Motion for the Approval of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365* [Docket No. 838] (the "ADESA Sale Order"). Paragraph 38 of the ADESA Sale Order provides:

> As soon as practicable, the Debtors shall file a motion to set-aside, transfer or otherwise recover the City of Hutchins Contract or the benefits thereof for one or more of the Debtors' estates. The Allen Group, Inc., a non-debtor, has consented

to this Court's jurisdiction over its interest in the City of Hutchins Contract and consents to this court proceeding via contested matter to determine the property owner(s) or beneficiaries(s) [sic] of the City of Hutchins Contract. The Debtors shall specify the briefing schedule and hearing date related to their motion in accordance with the applicable Bankruptcy Rules, local rules and rules of this Court, but in no event shall the hearing occur later than the Debtors' confirmation hearing.

ADESA Sale Order, ¶ 38. ADESA subsequently agreed to resolve the controversy without the need for an adversary proceeding (as more fully explained below). Additionally, DLH and the Allen Group have reached a settlement agreement regarding ownership of the City of Hutchins Contract and the distribution of benefits thereunder, which DLH now seeks to approve through this Motion.

13. A dispute also arose at the ADESA Sale Hearing as to whether there was an existing default under the ADESA Lease and accordingly whether ADESA was entitled to a cure payment as the result of DLH's assumption and assignment of that lease to Purchaser. The Court declined to consider that issue at the ADESA Sale Hearing and reserved the matter for later determination. Paragraph 40 of the ADESA Sale Order provides:

> On or before April 15, 2011, ADESA shall file a motion seeking to establish the amount of its cure claim and any other claims it asserts against the Debtors with respect to the ADESA Lease. Any opposition or response shall be filed by April 29, 2011. The hearing on any such motion shall be heard concurrently with the Debtors' confirmation hearing. DLH shall reserve $350,000 in its debtor-in-possession accounts as a source of payment – although such amount does not constitute a cap for such claims – for the amount due ADESA on an administrative priority basis as determined by this Court. Any cure amount found to be payable to ADESA shall be satisfied exclusively out of the (a) net proceeds retained by DLH from the sale of the ADESA Property after satisfaction of (i) all obligations to Bank under the Bank Settlement and Order and (ii) title insurance and title fees, brokerage fees, other miscellaneous fees and charges, and legal fees, all as related to the sale and/or assignment of the ADESA Property *and (b) benefits, if any, available to DLH under the City of Hutchins Contract*, and shall not in any way be due or payable by Purchaser or out of the ADESA Property.

ADESA Sale Order, ¶ 40 (emphasis added).

MOTION PURSUANT TO RULE 9019 FOR ORDER APPROVING SETTLEMENT AGREEMENT
BETWEEN DLH AND THE ALLEN GROUP, INC. REGARDING 380 PROJECT DEVELOPMENT
AND FINANCING AGREEMENT WITH THE CITY OF HUTCHINS, TEXAS                    PAGE 5 OF 11

## III.
## RELIEF REQUESTED

14. Pursuant to this Motion, and under Bankruptcy Rule 9019(a), DLH respectfully requests that this Court enter an order (a) incorporating and approving the terms and conditions of the proposed settlement set forth below; (b) authorizing DLH, the Allen Group and the City to take any and all actions necessary to effectuate the settlement proposed herein; and (c) declaring that the order approving this Motion and the settlement proposed herein are not stayed by Bankruptcy Rule 6004 or any other rule.

15. As the result of good-faith arms-length negotiations, and to avoid the expense, inconvenience, delay and uncertainty of litigation, DLH and the Allen Group have reached an agreement to fully and completely resolve and settle their respective claims and disputes concerning the City of Hutchins Contract. The terms and conditions of the settlement agreement (the "**Agreement**") are as follows:

- The Allen Group will seek to obtain the written consent of the City, as required by the City of Hutchins Contract, to assign the City of Hutchins Contract to DLH, and upon receipt of such written consent will in fact assign the City of Hutchins Contract to DLH.

- Upon assignment of the City of Hutchins Contract by the Allen Group to DLH, the benefits and proceeds derived from the City of Hutchins Contract shall first be used to pay in full the cure claim, if any, owed to ADESA under the ADESA Lease as determined by this Court or by agreement between DLH and ADESA.

- Once the cure claim owed to ADESA, if any, under the ADESA Lease has been satisfied in full from the benefits and proceeds of the City of Hutchins Contract, any future benefits and proceeds under the City of Hutchins contract shall be shared equally by DLH and the Allen Group for the remainder of the life of the City of Hutchins Contract.

## IV.
### AUTHORITY AND ANALYSIS

16. The Court has the discretionary authority to approve a settlement under Bankruptcy Rule 9019(a). *See Protective Comm. Of Stockholder of TMT Trailer Ferry, Inc. v Anderson (In re TMT Trailer Ferry, Inc.)*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972); *Continental Airlines, Inc. v. Airline Pilots' Ass'n Int'l. (In re Continental Airlines, Inc.)*, 907 F2.d 1500, 1508 (5th Cir. 1990). After notice and hearing, a trustee or debtor may compromise or settle claims in the administration of the estate with the approval of the court. *See* FED. R. BANKR. P. 9019(a). Whether to approve a compromise is a matter within the sound discretion of the bankruptcy court. *See In re Aweco, Inc.*, 725 F.2d 293 (5th Cir. 1984); *American Employers Inc. Co. v. King Resources Co.*, 556 F.2d 471 (10th Cir. 1977). The Court should approve a settlement agreement if the settlement is "fair and equitable and in the best interest of the estate." *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980).

17. When determining whether to approve a proposed settlement, courts should consider the following factors:

    a.    the probability of success in litigation;

    b.    the likely difficulties in collection;

    c.    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    d.    the paramount interest of the creditors.

*See Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3rd Cir. 1996); *see also In re TMT Trailer Ferry, Inc.*, 390 U.S. at 424-25; *Connecticut Gen. Life Ins. Co. .v United Cos. Fin. Corp. (In re Foster Mortgage Crop.)*, 68 F.3d 914, 917 (5th Cir. 1994); *Jones v. Cage (In re W J Services,*

*Inc.)*, 140 B.R. 190, 191 (S.D. Tex. 1991). This standard balances the risks and benefits associated with pursuing a potential claim against the costs associated with the proposed settlement. *Id.* The settlement need not be the best that a party could have achieved, but need only fall "within the reasonable range of litigation possibilities." *In re Telephone Commc'ns, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).

18. In evaluating the above factors, the Court may give weight to the "informed judgments of the . . . debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *In re Idearc, Inc.*, 423 B.R. 138, 190 (Bankr. N.D. Tex. 2009) (quoting *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my own judgment for the Trustee's, but only that I test his choice of reasonableness."). As demonstrated below, because the proposed Agreement satisfies these factors it should be approved.

19. The legal issues being resolved by the proposed Agreement include the following:

- The rightful property owners and/or beneficiaries under the City of Hutchins Contract; and

- How the future benefits and proceeds derived from the City of Hutchins Contract will be distributed and/or shared, including how the same will be applied to any cure claim owed to ADESA under the ADESA Lease.

20. The Court is familiar with the above issues as they were argued at length during the ADESA Sale Hearing. In the interest of brevity, DLH respectfully requests the Court take judicial notice of all of the evidence and arguments made by the parties at the ADESA Sale

Hearing regarding the City of Hutchins Contract and the potential cure claim owed to ADESA under the ADESA Lease.

21. DLH anticipates litigating the above issues would be both expensive and time consuming if this Agreement is not approved. As stated above, ADESA already has consented to resolve the issues surrounding its cure claim under the ADESA Lease without the need for an adversary proceeding, and the provisions for reaching that resolution are contained within the ADESA Sale Order. Likewise, through the proposed Agreement, DLH and the Allen Group have agreed to resolve the issues surrounding the rightful property owners and/or beneficiaries under the City of Hutchins Contract without the need for court intervention. Thus, DLH believes the proposed Agreement, if approved, will save the parties, the DLH estate, and this Court considerable time and expense. The issues involved in establishing that DLH, which is not a party to a contract which cannot be assigned to DLH without the City of Hutchins' consent, could impose a duty on a municipality to pay it directly is certainly an unusual and thus unpredictable claim in litigation and could result in the City refusing to pay either party. Total remaining payments under the City of Hutchins Contract are approximately $2 million, but the claims of ADESA are currently unknown and disputed. To conserve cash from the sale of the ADESA Property, DLH will, with permission of the Allen Group, request this Court to direct that any cure obligations to ADESA under the ADESA Lease be paid exclusively from the benefits and proceeds derived from the City of Hutchins Contract.

22. In light of the foregoing and DLH's best business judgment, the Agreement set forth herein will successfully resolve the disputes over the City of Hutchins Contract and is fair and reasonable, within the reasonable range of litigation outcomes, and is in the best interests of

DLH's estate. Accordingly, the Court should approve the proposed Agreement described herein as being a proper exercise of DLH's reasonable business judgment.

**WHEREFORE**, DLH respectfully requests that the Court enter an order (i) granting this Motion, (ii) approving the Agreement, and (iii) awarding DLH all such other and further relief as this Court deems just and proper.

Dated: April 17, 2011                Respectfully submitted,


By: /s/ Mark MacDonald
Mark E. MacDonald
State Bar No. 12758300
MacDonald + MacDonald, P.C
10300 N. Central Expressway, Suite 335
Dallas, Texas 75231
Tel.: (214) 237-4220
Fax: (214) 890-0818
Email: mark@macdonaldlaw.com

**COUNSEL FOR DLH MASTER LAND HOLDING, LLC AND ALLEN CAPITAL PARTNERS, LLC, DEBTORS AND DEBTORS IN POSSESSION**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 17, 2011, a true and correct copy of the foregoing was served by ECF notification on those parties registered for electronic notification.


/s/ Mark MacDonald
Mark E. MacDonald