Michael D. Warner, Esq. (TX Bar No. 00792304)
Rachel R. Obaldo, Esq. (TX Bar No. 24041617)
**COLE, SCHOTZ, MEISEL, FORMAN &
LEONARD, P.A.**
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
817-810-5250
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 Facsimile

Hamid R. Rafatjoo, Esq. (Admitted *Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
310-229-9900
310-229-9901 Facsimile

COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
DLH MASTER LAND HOLDING, LLC AND ALLEN CAPITAL PARTNERS, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: § <br> § <br> DLH Master Land Holding, LLC, § <br> Allen Capital Partners, LLC, § <br> Richard S. Allen, Inc., § <br> Richard S. Allen, § <br> § <br> Debtors. § <br> § | Case No. 10-bk-30561-HDH-11 <br> Case No. 10-bk-30562-HDH-11 |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
MOTION OF BANK OF AMERICA, N.A. PURSUANT TO BANKRUPTCY RULE
3018(a) SEEKING TEMPORARY ALLOWANCE OF ITS CLAIM FOR PURPOSES OF
ACCEPTING OR REJECTING THE DEBTORS' PLAN OF REORGANIZATION**

The Official Committee of Unsecured Creditors (the "**Committee**") of DLH Master Land Holding, LLC ("**DLH**") and Allen Capital Partners, LLC ("**ACP**" and collectively with DLH, the "**Debtors**"), by and through its undersigned attorneys, files this Objection to *Motion of Bank of America, N.A. Pursuant to Bankruptcy Rule 3018(a) Seeking Temporary Allowance of Its Claims for Purposes of Accepting or Rejecting the Debtors' Plan of Reorganization* (the

"**Motion**") filed by Bank of America, N.A. ("**Bank of America**") and respectfully represents as follows:

## PRELIMINARY STATEMENT

Pursuant to the Motion, Bank of America seeks temporary allowance of its claim in the amount of $50,008,159.77 [1] for purposes of voting on the *Amended Fifth Joint Plan of Reorganization for Allen Capital Partners, LLC and DLH Master Land Holding, LLC*.[2]

However, the Motion must be denied. Bank of America failed to timely file its proof of claim, notwithstanding that Bank of America was properly served multiple copies of the notice of the bar date months in advance. This Court previously denied *Bank of America, N.A.'s Motion to Permit Late Filing of Proof of Claim*, holding that there was "inadvertence on the part of the bank, not counsel," and that "mere inadvertence is not enough to meet the excusable neglect standard" for permitting the late filing of Bank of America's claims. Thus, Bank of America is not the holder of an allowed claim under Section 502(b)(9) of the Bankruptcy Code and is not entitled to vote on the Plan under Section 1126(a) of the Bankruptcy Code.

Moreover, each of the six claims listed for Bank of America in ACP's Schedules is listed as contingent, unliquidated, and disputed. Bankruptcy Rule 3003(c) required Bank of America to timely file a proof of claim to be treated as a creditor with respect to such claim for voting

---

[1] The full amount of the amended proof of claim filed by Bank of America on July 19, 2010 (the "**Requested Voting Amount**").

[2] The Motion states that Bank of America is "seeking temporary allowance of its claim . . . for the purpose of voting on the Amended Fourth Joint Plan of Reorganization . . . filed by DLH Master Land Holding, LLC, Allen Capital Partners, LLC, Richard S. Allen, Inc. and Richard S. Allen." Motion, at p. 2. The Committee believes Bank of America is seeking temporary allowance of its claim for purposes of voting on the *Amended Fifth Joint Plan of Reorganization for Allen Capital Partners, LLC and DLH Master Land Holding, LLC* (the "**Plan**") which was filed by DLH and ACP only. While the Chapter 11 cases of Richard S. Allen ("**RSA**") and Richard S. Allen, Inc. ("**RSAI**") are jointly administered with the Chapter 11 cases of DLH and ACP, RSA and RSAI have filed a plan of reorganization separate and apart from DLH and ACP. The Committee takes no position on Bank of America's seeking temporary allowance of its claim for voting purposes on any plan of reorganization filed by RSA and/or RSAI.

2

76393/0000-7624219v2

purposes. Again, Bank of America failed to file a timely proof of claim and therefore has no right to vote on the Plan.

Lastly, temporarily allowing Bank of America's claim would be contrary to the policy considerations of Bankruptcy Rule 3018. This Court found that Bank of America "received multiple notices of the bar date for filing its proof of claim, and failed to inform counsel of this bar date at the time that it engaged it to monitor this case." Bank of America, and Bank of America alone, has failed to protect its interests. This is not the situation Bankruptcy Rule 3018 was intended to prevent – namely, a debtor filing last minute objections to the claims of dissenting creditors. For all the foregoing reasons, and as discussed more fully below, the Motion must be denied.

## BACKGROUND

1. The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on January 25, 2010. The next day, the Court issued a *Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines* in the ACP case (the "**Bar Date Notice**"). The Bar Date Notice established June 2, 2010 (the "**Bar Date**"), as the deadline for all creditors (except a governmental unit) to file a proof of claim. The Bar Date Notice was served on February 4, 2010, to all creditors and parties in interest, including Bank of America.

2. On February 22, 2010, ACP filed its *Schedules* [ACP Docket No. 15]. Bank of America is listed on *Scheduled F – Creditors Holding Unsecured Nonpriority Claims* as having six claims totaling $49,018,111.36. Each of the six claims is listed as contingent, unliquidated, and disputed.

3. Bank of America filed its original proof of claim on July 14, 2010, forty-two (42) days after the applicable Bar Date of June 2, 2010. On November 3, 2010, almost four months

3

76393/0000-7624219v2

after filing its untimely proof of claim, Bank of America filed *Bank of America N.A.'s Motion to Permit Late Filing of Proof of Claim* [Docket No. 644] (the "**Motion to Permit**"). On November 29, 2010, the Committee filed its *Objection of the Official Committee of Unsecured Creditors to Bank of America N.A.'s Motion to Permit Late Filing of Proof of Claim* [Docket No. 681].

4. An evidentiary hearing to consider the Motion to Permit was held on January 20, 2011. On February 10, 2011, the Court entered its *Order on Motion to Permit Late Filing of Proof of Claim* [Docket No. 761] (the "**Order**") which denied the relief requested by Bank of America in its Motion to Permit. The Order states in part:

> The facts presented to the Court at the hearing on this motion do not represent the typical "client being penalized for counsel's mistake" scenario, but instead show a situation where Bank of America received multiple notices of the bar date for filing its proof of claim, and failed to inform counsel of this bar date at the time that it engaged it to monitor this case. Bank of America had notice of the bar date well in advance of the deadline; and therefore, there is inadvertence on the part of the bank, not counsel, which acted promptly in filing a proof of claim once it discovered the error. As stated in the objection filed by the Unsecured Creditors' Committee, *Pioneer* would suggest that mere inadvertence is not enough to meet the excusable neglect standard. Bank of America did not meet its burden of proof and its motion must be denied.

Order, at pp. 1-2.

5. On February 22, 2011, Bank of America filed its *Notice of Appeal* [Docket No. 770] of the Order with the United States District Court for the Northern District of Texas, Dallas Division (the "**District Court**"), commencing case no. 3:11-cv-00757 (the "**Appeal**").

6. On March 3, 2011, ACP filed *Allen Capital Partners, LLC's Objection to Bank of America, N.A.'s Proof of Claim* [ACP Docket No. 59] ("**ACP's Claim Objection**"). On March 17, 2011, Bank of America filed its *Response to Allen Capital Partners, LLC's Objection to*

4

76393/0000-7624219v2

*Bank of America, N.A.'s Proof of Claim* [ACP Docket No. 60]. A hearing to consider ACP's Claim Objection has not been set.

7. On May 5, 2011, Bank of America filed its *Opening Brief of Appellant* with the District Court. On May 26, 2011, the Committee filed its *Opening Brief of Appellee* with the District Court.

8. On May 20, 2011, the Court entered its *Order Approving Disclosure Statement for Debtors' Amended Fifth Joint Plan of Reorganization* [Docket No. 950]. A hearing on confirmation of the Plan is scheduled to begin on June 21, 2011, at 9:00 a.m. prevailing Central time.

9. As of the filing of this Objection, no motion to stay the Order pending the Appeal has been filed by Bank of America.[3]

## OBJECTION

I. **The Motion Must Be Denied Because under Section 1126 of the Bankruptcy Code, Bank of America Is Not Entitled to Vote on the Plan.**

10. Under Section 1126(a) of the Bankruptcy Code, only holders of allowed claims or interests may vote to accept or reject a plan. See 11 U.S.C. § 1126(a); see also In re Romacorp, Inc., No. 05-86818-BJH-11, 2006 WL 6544089, at *3 (Bankr. N.D. Tex. Feb. 24, 2006) ("Section 1126(a) of the Bankruptcy Code provides that only holders of allowed claims or interests may vote to accept or reject a plan."); In re Rhead, 179 B.R. 169, 172 (Bankr. D. Ariz.

---

[3] The Court's Order denying Bank of America's Motion to Permit is a final order in this case that may be enforced, notwithstanding that Bank of America has appealed the Order. See, e.g., Lomagno v. Saloman Bros. Realty Corp. (In re Lomagno), 320 B.R. 473, 481 (B.A.P 1st Cir. 2005) (holding that, "if no stay is in effect, the prevailing party may treat the judgment of the bankruptcy court as final, notwithstanding that an appeal is pending." (quoting 10 Collier on Bankruptcy ¶ 8005.01 (Lawrence P. King ed., 15th ed. rev. 2007))); Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 158 B.R. 71, 74 (E.D. La. 1993) ("[T]he consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the lower court as final notwithstanding that an appeal is pending." (citation omitted)); 10 Collier on Bankruptcy ¶ 8005.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011); ("The consequence of failing to seek or obtain a stay is that the prevailing party may treat the judgment or order of the bankruptcy judge as final, notwithstanding that an appeal is pending.").

5

76393/0000-7624219v2

1995) ("Only holders of allowed claims may vote on a plan."). In turn, Section 502(b)(9) of the Bankruptcy Code provides in pertinent part that if an objection to a claim is filed, the Court "shall determine the amount of such claim . . . and shall allow such claim in such amount, *except to the extent that . . . proof of such claim is not timely filed. . . .*" 11 U.S.C. § 502(b)(9) (emphasis added). As this Court has already ruled in the Order, Bank of America failed to timely file its claim. The Court concluded that "Bank of America had notice of the bar date well in advance of the deadline; and therefore, there is inadvertence on the part of the bank, not counsel, which acted promptly in filing a proof of claim once it discovered the error." Order, at p. 2. Accordingly, Bank of America is not the holder of an allowed claim under Section 502(b)(9) of the Bankruptcy Code, is not entitled to vote on the Plan under Section 1126(a) of the Bankruptcy Code, and the Motion must, therefore, be denied.

**II.    The Motion Must Also Be Denied Because under Fed. R. Bankr. P. 3003, Bank of America Is Not Entitled to Vote on the Plan.**

11.    Under Bankruptcy Rule 3003(c), "any creditor whose claim or interest is . . . scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed [by the Court]; *any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.*" Fed. R. Bankr. P. 3003(c) (emphasis added). Each of the six claims listed for Bank of America in ACP's Schedules is listed as contingent, unliquidated, and disputed. Despite having received the Bar Date Notice, Bank of America failed to timely file a proof of claim. Accordingly, pursuant to Bankruptcy Rule 3003(c), Bank of America has no right to vote on the Plan, and the Motion must be denied.[4] See, e.g., In re Cypresswood Land Partners, I, 409 B.R. 396, 419-20 (Bankr.

---

[4] Bankruptcy Rule 3003(c)(2) "requires, as does the [Bankruptcy] Code, [the] filing [of a proof of claim] when a claim is scheduled as disputed, contingent, or unliquidated as to amount. *It is the creditor's responsibility to determine if the claim is accurately listed.*" Fed. R. Bankr. P. 3003 advisory committee notes (emphasis added).

76393/0000-7624219v2

S.D. Tex. 2009) (holding that creditor was not entitled to vote on debtor's plan where creditor's claim was scheduled as disputed and creditor failed to file a proof of claim); Grynberg v. United States (In re Grynberg), 986 F.2d 367, 370 (10th Cir. 1993) (holding that failure to file a proof of claim before the bar date precludes a creditor from participating in voting on or receiving distributions under a plan); In re Trans Max Techs., Inc., 349 B.R. 80, 85 (Bankr. D. Nev. 2006) (holding that creditors who failed to file claims as required under Bankruptcy Rule 3003 were not entitled to vote on or object to plan); Roman v. La Electronica, Inc. (In re La Electronica, Inc.), 223 B.R. 393, 395 (D.P.R. 1998) (holding that "[i]n order for the claim of a creditor whose claim is scheduled as disputed, contingent or unliquidated to be allowable, the creditor must file a timely proof of claim, and, if such proof of claim is not filed, the creditor will not be treated as a creditor for the purposes of voting and distribution."); In re Dartmoor Homes, Inc., 175 B.R. 659, 664 (Bankr. N.D. Ill. 1994) ("If a scheduled creditor does not file a timely proof of claim when it is required to do so, that creditor is in the worst of all worlds: it cannot participate in plan voting, will receive no distributions under the plan, and will have its claim discharged, should the debtor receive a discharge. . . . Instead, in effect the late claim simply no longer exists for purposes of the Chapter 11 case."); In re Stuber, 142 B.R. 435, 441 (Bankr. D. Kan. 1992) ("The penalty for failure to file a claim is the loss of the right to vote on and receive distribution under the plan."); In re Middle Plantation of Williamsburg, Inc., 47 B.R. 884, 893-94 (E.D. Va. 1984) (holding that creditor who failed to timely file proof of claim was not entitled to vote on plan).

### III. The Motion Must Also Be Denied under Fed. R. Bankr. P. 3018.

12. Bankruptcy Rule 3018(a) provides that, "[n]otwithstanding objection to a claim or interest, the court . . . *may* temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a) (emphasis added). Unlike Bankruptcy Rule 3003(c)'s mandate that a creditor *must* timely file a

7

proof of claim to vote on a plan, Bankruptcy Rule 3018 is permissive. However, Bankruptcy Rule 3018 is not intended to, nor can it, override the clear mandates of Bankruptcy Rule 3003(c). As discussed above, Bank of America failed to timely file a proof of claim as required under Bankruptcy Rule 3003(c) and, accordingly, the Court need not even address Bank of America's request for temporary allowance.

13. Nonetheless, temporary allowance is also inappropriate in this case under Bankruptcy Rule 3018. Temporary allowance is generally appropriate when an objection is filed too late to be heard prior to the confirmation hearing, when fully hearing the objection would delay administration of the case, or when the objection is frivolous or of questionable merit. See, e.g., Armstrong v. Rushton (In re Armstrong), 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003); 9 Collier on Bankruptcy ¶ 3018.01[5] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011). None of these circumstances is present – the hearing on confirmation of the Plan is not scheduled to occur until June 21, 2011; fully hearing the objection would not delay administration of the Debtors' cases; and the objection is based on sound legal argument. Moreover, "[t]he policy behind temporarily allowing claims is to prevent possible abuse by plan proponents who might ensure acceptance of a plan by filing last minute objections to the claims of dissenting creditors." Id.; see also Stone Hedge Props. v. Phoenix Capital Corp. (In re Stone Hedge Props.), 191 B.R. 59, 64 (Bankr. M.D. Pa. 1995). This circumstance is not present in this case. Temporarily allowing Bank of America's claim would do nothing to advance the policy considerations underlying Bankruptcy Rule 3018. ACP objected to Bank of America's claim more than two months ago, on March 3, 2011. This is simply not a case where the debtor is engaging in gamesmanship by filing a last-minute objection to Bank of America's untimely claim.

76393/0000-7624219v2

Accordingly, neither the purpose nor the substance of Bankruptcy Rule 3018 supports Bank of America's request for temporary allowance, and the Motion must be denied.

14. In the Motion, Bank of America cites <u>In re Stone Hedge Props.</u> for the proposition that "[t]he following factors are critical in considering whether a claim will be temporarily allowed: (1) the manner in which the claim was originally scheduled; (2) the proof of claim filed by the creditor; and (3) the objection to the claim." Motion, at ¶ 23. However, contrary to Bank of America's assertions in the Motion, an evaluation of the <u>Stone Hedge</u> factors in the present case demonstrates that temporary allowance is not appropriate. In <u>Stone Hedge</u>, the bankruptcy court temporarily allowed an undersecured creditor's secured claim where (1) the claim was scheduled by the debtor as undisputed, liquidated and non-contingent, (2) a proof of claim was timely filed by the creditor, and (3) the objection to the claim (by way of a counterclaim filed in an adversary proceeding) did not dispose of the claim in its entirety. 191 B.R. at 64-68. By contrast, in this case (1) Bank of America's claim was scheduled as disputed, unliquidated and contingent, (2) Bank of America's proof of claim was not timely filed, and (3) the objection to the Bank of America's claim, if granted, would dispose of the entire claim. Thus, under the <u>Stone Hedge</u> factors, Bank of America's claim is not properly allowable on a temporary basis or otherwise, and the Motion must be denied.

15. In the Motion, Bank of America argues that, the "Debtors should not be allowed to use a technicality of the bankruptcy code to completely disenfranchise BofA." Motion, at ¶ 26. It is unclear what "technicality" Bank of America is referring to. Nonetheless, as discussed above, the express terms of Sections 1126(a) and 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c) make it abundantly clear that Bank of America is not the holder of an allowed claim and is not permitted to vote on the Plan.

76393/0000-7624219v2

## IV. Alternatively, If the Court Were to Temporarily Allow Bank of America's Claim for Voting Purposes, It Would Be Inequitable to Allow the Full Amount of the Claim.

16. First, the Requested Voting Amount appears to be grossly overstated. Upon information and belief, Bank of America has been paid at least $31.3 million of the Requested Voting Amount.

17. Second, it would be inequitable to allow Bank of America's disputed, contingent and unliquidated claim to obviate the votes of those unsecured creditors who diligently filed their proofs of claim within the time prescribed by the Bar Date Notice. Given that Bank of America failed to timely file its claim, and that such failure is good grounds under the Bankruptcy Code and the Bankruptcy Rules for disallowing the claim, temporarily allowing Bank of America to vote any claim in more than a minimal amount would be deeply inequitable and would permit Bank of America to exert undue control over plan voting. It is well within the Court's discretion to reduce the amount of a claim when temporarily allowing such claim for voting purposes. See, e.g., In re Johns-Manville Corp., 68 B.R. 618, 631 (Bankr. S.D.N.Y. 1986) (approving voting procedures that assigned a value for voting purposes of $1 to each asbestos injury-related claim, instead of the $26,000 estimated value per claim, because to do otherwise would "ignore the realities of th[e] case, and the equities which need to be addressed thereunder."); In re Hydrox Chem. Co., 194 B.R. 617, 628 (Bankr. N.D. Ill. 1996) (allowing RICO claims for voting purposes at less than their potentially allowed amounts in order to reflect the uncertainties regarding the claims' allowance). Accordingly, if the Court is inclined to grant the Motion, the Bank of America claim should be allowed only in a nominal amount.

WHEREFORE, the Committee respectfully requests that the Court (i) deny the relief requested in the Motion; and (ii) grant any other relief deemed justified.

76393/0000-7624219v2

DATED: May 27, 2011      By: /s/ Michael D. Warner
                         Michael D. Warner, Esq. (TX Bar No. 00792304)
                         Rachel R. Obaldo, Esq. (TX Bar No. 24041617)
                         **COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**
                         301 Commerce Street, Suite 1700
                         Fort Worth, Texas 76102
                         817-810-5250
                         817-810-5255 Facsimile

                         and

                         Hamid R. Rafatjoo, Esq. (Admitted *Pro Hac Vice*)
                         **VENABLE LLP**
                         2049 Century Park East
                         Suite 2100
                         Los Angeles, CA 90067
                         310-229-9900
                         310-229-9901 Facsimile

                         Counsel to the Official Committee of Unsecured Creditors of DLH Master Land Holding, LLC and Allen Capital Partners, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2011, a true and correct copy of the foregoing was served by ECF notification on those parties registered for electronic notification.

                         /s/ Michael D. Warner
                         Michael D. Warner

76393/0000-7624219v2