Mark E. MacDonald, TX Bar No. 12758300
Daniel J. Artz, TX Bar No. 01365570
MacDonald + MacDonald, P.C.
10300 N. Central Expressway, Suite 335
Dallas, TX 75231
(214) 237-4220; Facsimile: (214) 890-0818
Email: mark@macdonaldlaw.com

**COUNSEL FOR DLH MASTER LAND HOLDING, LLC**
**AND ALLEN CAPITAL PARTNERS, LLC, DEBTORS**
**AND DEBTORS IN POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **DLH Master Land Holding, LLC,** | § | |
| **Allen Capital Partners, LLC,** | § | **Case No. 10- 30561-HDH-11** |
| **Richard S. Allen, Inc.** | § | |
| **Richard S. Allen,** | § | **Jointly Administered** |
| | § | |
| **Debtors.** | § | |
| | § | |

## MOTION PURSUANT TO RULE 9019 FOR ORDER APPROVING SETTLEMENT AND COMPROMISE AMONG DLH MASTER LAND HOLDING, LLC, THE ALLEN GROUP, INC., AND ADESA TEXAS, INC.

Debtor and Debtor in possession DLH Master Land Holding, LLC ("DLH") files this

*Motion Pursuant to Rule 9019 for Order Approving Settlement and Compromise among DLH*

*Master Land Holding, LLC, the Allen Group, Inc., and ADESA Texas, Inc.* (the "Motion"). In

support of the Motion, DLH respectfully shows the Court as follows:

### I.
#### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this

matter is a core proceeding under 28 U.S.C. § 157(b). Under 28 U.S.C. §§ 1408 and 1409, venue

in this District is proper. The predicates for relief requested herein are 11 U.S.C. §105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.
### BACKGROUND

**A.     The Chapter 11 Case**

2.     On January 25, 2010 (the "Petition Date"), Debtor DLH commenced its case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.     DLH remains in possession of its assets and continues to operate and manage its businesses as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4.     No trustee or examiner has been appointed in any of the cases administratively consolidated with that of DLH.

5.     An Official Committee of Unsecured Creditors (the "Creditors Committee") has been appointed.

6.     The factual background regarding DLH, including its current and historical business operations and the events precipitating its Chapter 11 filing, is set forth in detail in (i) the *Declaration of Daniel J. McAuliffe in Support of First Day Motions* and (ii) the *Declaration of Richard Allen of Background Facts Regarding Debtors*, both of which are incorporated herein by reference.

7.     To the extent further factual background is required regarding DLH's Chapter 11 proceeding, DLH respectfully requests that the Court take judicial notice of the testimony and exhibits admitted at the evidentiary hearings to date.

**B.      Sale of the ADESA Property**

8.      On March 11, 2008, DLH filed (i) an *Expedited Motion to Sell the ADESA Property Free and Clear of Liens, Claims and Encumbrances* [Docket No. 808] (the "ADESA Sale Motion") and (ii) an *Expedited Motion for the Approval of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365* [Docket No. 811 (the "ADESA Assumption and Assignment Motion" and together with the ADESA Sale Motion, the "ADESA Motions").

9.      Included within the definition of the ADESA Property (as defined in the ADESA Sale Motion) (and in fact the primary asset of the ADESA Property) is that certain *Reverse Build-To-Suit Single-Tenant Lease (Triple Net)*, dated March 31, 2008 (as amended, the "ADESA Lease"), between DLH Hutchins Wintergreen 178, LLC ("DLH Hutchins") and ADESA Texas, Inc. ("ADESA").  Prior to the Petition Date, DLH Hutchins was merged into DLH, and therefore DLH is a successor in interest to the ADESA Lease and is the current landlord under that lease, and ADESA is the sole tenant.

10.      Expressly excluded from the ADESA Motions and the *Purchase and Sale Agreement* ("PSA") concerning the sale of the ADESA Property between DLH, as seller, and Longo Real Estate Services, Inc. d/b/a Cardinal Industrial and Fortress Credit Corp. or their designee, as purchaser (collectively, "Purchaser"), is that certain *380 Project Development and Financing Agreement*, dated March 2, 2009 (the "City of Hutchins Contract") between non-debtors the City of Hutchins, Texas (the "City") and the Allen Group, Inc. (the "Allen Group"). The Allen Group, a non-debtor, is currently a wholly-owned asset of the Chapter 11 estate of Debtor Richard S. Allen ("Allen").

11.     On March 18, 2011, this Court conducted an evidentiary hearing on the ADESA

Motions (the "ADESA Sale Hearing").  During the ADESA Sale Hearing, an issue arose

regarding the identity of the appropriate counterparty to the City of Hutchins Contract.On March

24, 2011, this Court entered its *Order Approving (I) Expedited Motion to Sell the ADESA*

*Property Free and Clear of Liens, Claims and Encumbrances and (II) Expedited Motion for the*

*Approval of the Assumption and Assignment of Certain Executory Contracts and Unexpired*

*Leases Pursuant to 11 U.S.C. § 365* [Docket No. 838] (the "ADESA Sale Order").  Paragraph 38

of the ADESA Sale Order provides:

> As soon as practicable, the Debtors shall file a motion to set-aside, transfer or
> otherwise recover the City of Hutchins Contract or the benefits thereof for one or
> more of the Debtors' estates.  The Allen Group, Inc., a non-debtor, has consented
> to this Court's jurisdiction over its interest in the City of Hutchins Contract and
> consents to this court proceeding via contested matter to determine the property
> owner(s) or beneficiaries(s) [sic] of the City of Hutchins Contract.  The Debtors
> shall specify the briefing schedule and hearing date related to their motion in
> accordance with the applicable Bankruptcy Rules, local rules and rules of this
> Court, but in no event shall the hearing occur later than the Debtors' confirmation
> hearing.

ADESA Sale Order, ¶ 38.  ADESA subsequently agreed to resolve the controversy without the

need for an adversary proceeding (as more fully explained below).  Additionally, DLH and the

Allen Group have reached a settlement agreement regarding ownership of the City of Hutchins

Contract and the distribution of benefits thereunder.  On April 17, 2011, DLH filed a *Motion*

*Pursuant to Rule 9019 for Order Approving Settlement Agreement between DLH and the Allen*

*Group, Inc. Regarding 380 Project Development and Financing Agreement with the City of*

*Hutchins, Texas* [Docket No. 894] (the "AGI Settlement Motion") seeking approval of the

settlement with the Allen Group as amended following subsequent negotiations with ADESA.

The AGI Settlement Motion, as amended on the record, was orally approved by the Court at a

hearing on May 18, 2011.

12. A dispute also arose at the ADESA Sale Hearing as to whether there was an existing default under the ADESA Lease and accordingly whether ADESA was entitled to a cure payment as the result of DLH's assumption and assignment of that lease to Purchaser. The Court declined to consider that issue at the ADESA Sale Hearing and reserved the matter for later determination. Paragraph 40 of the ADESA Sale Order provides:

> On or before April 15, 2011, ADESA shall file a motion seeking to establish the amount of its cure claim and any other claims it asserts against the Debtors with respect to the ADESA Lease. Any opposition or response shall be filed by April 29, 2011. The hearing on any such motion shall be heard concurrently with the Debtors' confirmation hearing. DLH shall reserve $350,000 in its debtor-in-possession accounts as a source of payment – although such amount does not constitute a cap for such claims – for the amount due ADESA on an administrative priority basis as determined by this Court. Any cure amount found to be payable to ADESA shall be satisfied exclusively out of the (a) net proceeds retained by DLH from the sale of the ADESA Property after satisfaction of (i) all obligations to Bank under the Bank Settlement and Order and (ii) title insurance and title fees, brokerage fees, other miscellaneous fees and charges, and legal fees, all as related to the sale and/or assignment of the ADESA Property ***and (b) benefits, if any, available to DLH under the City of Hutchins Contract***, and shall not in any way be due or payable by Purchaser or out of the ADESA Property.

ADESA Sale Order, ¶ 40 (emphasis added).

13. On April 15, 2011, ADESA filed its *Motion to Determine Amount of Claim in Connection with Assumption and Assignment of ADESA Lease* [Docket No. 892] (the "ADESA Cure Motion"). On April 29, 2011, DLH filed its response in opposition to the ADESA Cure Motion [Docket No. 923]. Through this Motion, DLH now seeks to resolve the ADESA Cure Motion through approval of a settlement and compromise with ADESA and the Allen Group as memorialized in the *Compromise Settlement Agreement and Release* (the "Agreement), a copy of which is attached hereto as <u>Exhibit A</u> and incorporated herein by reference for all purposes.[1]

---

[1] An unsigned version of the Compromise Settlement Agreement and Release is attached as <u>Exhibit A.</u> A fully executed copy will be provided at the Hearing.

## III.
## RELIEF REQUESTED

14.     Pursuant to this Motion, and under Bankruptcy Rule 9019(a), DLH respectfully requests that this Court enter an order (a) incorporating and approving the terms and conditions of the Agreement; (b) authorizing DLH, ADESA and the Allen Group to take any and all actions necessary to effectuate the Agreement, including execution of the Assignment (as defined below) free and clear of any and all liens, claims, and encumbrances (but subject to the rights of setoff or reimbursement of the City of Hutchins under Section 3.4 of the City of Hutchins Contract); and (c) declaring that the order approving this Motion and the Agreement are not stayed by Bankruptcy Rule 6004 or any other rule.

15.     As the result of good-faith, arms-length negotiations, and to avoid the expense, inconvenience, delay and uncertainty of litigation, DLH, ADESA and the Allen Group have reached an agreement to fully and completely resolve and settle the dispute concerning the ADESA Cure Motion and the relief sought thereunder by ADESA.  The principal terms and conditions of the attached Agreement are summarized as follows:

- DLH shall pay ADESA $200,000.00 in cash within three (3) business days of the closing and funding of the ADESA Property to Purchaser, or, if closing occurs prior to the effective date of the Agreement, the cash payment shall be made upon the effective date of the Agreement;

- As a condition to the Agreement, the Court shall have approved the AGI Settlement Motion in a form of order acceptable to ADESA and consented to by the City; and

- As a condition to the Agreement, (i) the City of Hutchins Contract shall have been transferred from the Allen Group to DLH, and (ii) ADESA shall have been assigned $600,000.00, with interest at a rate of 8.5% per annum until paid in full, from 100% of all future payments and benefits under the City of Hutchins Contract (the "Assignment").

16.     The Debtors request that Court Order that the Assignment be free and clear of any and all liens, claims, and encumbrances, subject only to the rights of setoff or reimbursement of the City of Hutchins, as expressly provided in the City of Hutchins Contract.

**IV.**
**AUTHORITY AND ANALYSIS**

17.     The Court has the discretionary authority to approve a settlement under Bankruptcy Rule 9019(a). *See Protective Comm. Of Stockholder of TMT Trailer Ferry, Inc. v Anderson (In re TMT Trailer Ferry, Inc.),* 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972); *Continental Airlines, Inc. v. Airline Pilots' Ass'n Int'l. (In re Continental Airlines, Inc.),* 907 F2.d 1500, 1508 (5th Cir. 1990). After notice and hearing, a trustee or debtor may compromise or settle claims in the administration of the estate with the approval of the court. *See* FED. R. BANKR. P. 9019(a). Whether to approve a compromise is a matter within the sound discretion of the bankruptcy court. *See In re Aweco, Inc.*, 725 F.2d 293 (5th Cir. 1984); *American Employers Inc. Co. v. King Resources Co.*, 556 F.2d 471 (10th Cir. 1977). The Court should approve a settlement agreement if the settlement is "fair and equitable and in the best interest of the estate." *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980).

18.     When determining whether to approve a proposed settlement, courts should consider the following factors:

            a.      the probability of success in litigation;

            b.      the likely difficulties in collection;

            c.      the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

            d.      the paramount interest of the creditors.

*See Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3rd Cir. 1996); *see also In re TMT Trailer Ferry, Inc.*, 390 U.S. at 424-25; *Connecticut Gen. Life Ins. Co. .v United Cos. Fin. Corp. (In re Foster Mortgage Crop.)*, 68 F.3d 914, 917 (5th Cir. 1994); *Jones v. Cage (In re W J Services, Inc.)*, 140 B.R. 190, 191 (S.D. Tex. 1991). This standard balances the risks and benefits associated with pursuing a potential claim against the costs associated with the proposed settlement. *Id.* The settlement need not be the best that a party could have achieved, but need only fall "within the reasonable range of litigation possibilities." *In re Telephone Commc'ns, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).

19. In evaluating the above factors, the Court may give weight to the "informed judgments of the . . . debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *In re Idearc, Inc.*, 423 B.R. 138, 190 (Bankr. N.D. Tex. 2009) (quoting *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my own judgment for the Trustee's, but only that I test his choice of reasonableness."). Because the proposed Agreement satisfies these factors it should be approved.

20. The Court is familiar with many issues that will be resolved through this Motion and the attached Agreement as they were argued at length during the ADESA Sale Hearing. In the interest of brevity, DLH respectfully requests the Court take judicial notice of all of the evidence and arguments made by the parties at the ADESA Sale Hearing regarding the City of Hutchins Contract and the potential cure claim owed to ADESA under the ADESA Lease.

21.     DLH anticipates litigating the above issues would be both expensive and time consuming if this Motion and the attached Agreement are not approved.  Through the proposed Agreement, DLH, ADESA and the Allen Group have agreed to resolve the issues surrounding the ADESA Cure Motion without the need for an adversary proceeding or other Court intervention.  Likewise, through the AGI Settlement Motion, which Court approval of is a precondition to the effectiveness of the Agreement, DLH and the Allen Group have agreed to resolve the issues surrounding the rightful property owners and/or beneficiaries under the City of Hutchins Contract without the need for court intervention.  Thus, DLH believes the proposed Agreement, if approved, will save the parties, the DLH estate, and this Court considerable time and expense.

22.     While DLH believes there are no liens or other claims that would impair the Assignment, DLH requests that the Order granting this Motion include a provision that the Assignment is free and clear of any and all liens, claims, and encumbrances, subject only to the rights of setoff or reimbursement of the City of Hutchins, as expressly provided in the City of Hutchins Contract.  Such relief is necessary in order to provide ADESA with the full value of the Agreement and is appropriate pursuant to Rule 9019 and 11 U.S.C. § 363(f).

23.     In light of the foregoing and DLH's best business judgment, the Agreement attached hereto and outlined herein will successfully resolve the disputes over both the City of Hutchins Contract and the ADESA Cure Motion and is fair and reasonable, within the reasonable range of litigation outcomes, and is in the best interests of DLH's estate.  Accordingly, the Court should approve the proposed Agreement as being a proper exercise of DLH's reasonable business judgment.

**WHEREFORE**, DLH respectfully requests that the Court enter an order (i) granting this Motion, (ii) approving the Agreement, and (iii) awarding DLH all such other and further relief as this Court deems just and proper.

Dated: June 17, 2011

Respectfully submitted,

By: */s/ Daniel J. Artz*
Mark E. MacDonald,      State Bar No. 12758300
Daniel J. Artz,  Texas Bar No. 01365570
MacDonald + MacDonald, P.C
10300 N. Central Expressway, Suite 335
Dallas, Texas  75231
Tel.:  (214) 237-4220
Fax:  (214) 890-0818
Email:  mark@macdonaldlaw.com

**COUNSEL FOR DLH MASTER LAND HOLDING, LLC AND ALLEN CAPITAL PARTNERS, LLC, DEBTORS AND DEBTORS IN POSSESSION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 17, 2011, a true and correct copy of the foregoing was served by ECF notification on those parties registered for electronic notification.

*/s/  Daniel J. Artz*
Daniel J. Artz