IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DLH Master Land Holding, LLC | § | |
| Allen Capital Partners, LLC, | § | Case No. 10-30561-HDH-11 |
| Richard S. Allen, Inc. | § | |
| Richard S. Allen, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |

## OBJECTION TO AMENDED FIFTH JOINT PLAN OF REORGANIZATION

COMES NOW Bank of America ("BofA") and hereby submits this objection to the Amended Fifth Joint Plan of Reorganization (the "Plan") filed by Allen Capital Partners, LLC ("ACP") and DLH Master Land Holding, LLC ("DLH") (collectively, the "Debtors") and in support thereof respectfully represents as follows:

### BACKGROUND

1. The issue of whether BofA's amended claim in the amount of $17,920,775.76 against ACP (the "Claim") will be allowed in this proceeding is currently on appeal (the "Appeal") before the United States District Court for the Northern District of Texas (the "District Court").

2. The District Court has not yet ruled on the Appeal.

3. On May 19, 2011, the Debtors filed their Amended Fifth Joint Plan of Reorganization for Allen Capital Partners, LLC and DLH Master Land Holding, LLC (the "Plan") and the Disclosure Statement for Debtors' Amended Fifth Joint Plan of Reorganization (the "Disclosure Statement").

## SUMMARY OF THE PLAN

4. Should it be allowed, the Claim would fall into ACP Class 4 for Allowed Unsecured Claims (Impaired). BofA would receive an ACP Variable Pay Note in the principal amount of 100% of the Claim against ACP, payable with interest accruing at 2% per annum (unless additional interest applies), from 25% of ACP Unsecured Creditor Net Proceeds, 25% of the ACP Excess Cash Distributions, and 25% of the ACP Minimum Annual Distributions, until the ACP 50% Notes are paid in full and thereafter payable from 100% of ACP Unsecured Creditor Net Proceeds, 100% of ACP Excess Cash Distributions, and 100% of the ACP Minimum Annual Distributions, with a ten (10) year maturity from the Effective Date if not paid in full prior to that time.

## STANDARD OF CONFIRMATION

5. To be confirmed, the Plan must meet all the requirements of 11 U.S.C. § 1129. It is the Debtor's burden to prove that each and every one of the requirements for confirmation has been met. *Heartland Fed. Sav. & Loan Assoc. v. Briscoe Enters., Ltd., II (In re Briscoe Enters. Ltd., II)*, 994 F.2d 1160, 1163-64 (5th Cir. 1993), *cert denied*, 510 U.S. 992 (1993). In this case, the Debtors must prove by a preponderance of the evidence that each objection raised by the Lender with respect to the Plan is not well grounded. *Id.* The Debtors cannot meet this burden and therefore the Plan cannot be confirmed.

## BANK OF AMERICA'S OBJECTIONS

6. BofA objects to the confirmation of the Plan to the extent that it provides that the disbursing agent shall have no obligation to reserve funds for any contingent, disputed, or unliquidated claims.

7. Debtors have buried the following language in the definition of "Disbursing Agent" located in Section 1.50 of the Plan:

> "The Reorganized Debtors shall have no obligation to make distributions on account of any contingent, disputed, or unliquidated Claims unless and until such Claims become finally Allowed Claims, and the Disbursing Agent, prior to the time such Claims become Allowed Claims, shall have no obligation to either distribute or <u>reserve funds on account of such Claims</u>."

8. The language of Section 1.50 is carefully tailored and inconspicuously placed to prevent the reservation of funds that would be used to make distributions to BofA, should the Claim be allowed.

9. Reservation of funds for contingent, disputed, unliquidated claims is standard practice in bankruptcy courts. <u>In re MCorp Financial, Inc</u>., 160 B.R. 941, 962 (S.D.Tex. 1993) ("a contingent claim is entitled to a reserve for its full amount"); <u>In re Rodriguez</u>, No. 06-33637, 2007 WL 3125292, at * 14 (Bkrtcy. N.D. Tex October 23, 2007) (confirming plan that provided that the Reorganized Debtor will hold in a separate interest bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim or interest, as listed either in the Debtor's schedules or the filed proof(s) of claim.); <u>In re Motors Liquidation Co</u>., 447 B.R. 198, 215 (S.D.N.Y) ( "Courts in this and other jurisdictions have required debtors to establish reserves with assets sufficient to pay disputed claims in full to allow creditors full pro rata recovery on their claims.")

10. BofA will suffer significant harm if a reserve sufficient to pay an amount equal to the pro rata distribution attributable to the Claim is not held back by the Disbursing Agent. If the Claim is allowed on appeal, all the funds of Debtors' estates will likely be paid out to other creditors in this proceeding pursuant to the Plan, thereby leaving little to no funds to cover BofA's Claim.

11. Debtors and their estates, on the other hand, will not suffer any harm if required to maintain a reserve fund for contingent, unliquidated and disputed claims. If the Claim is denied on appeal, the reserved funds can easily be distributed in accordance with the Plan.

12. A reservation of funds for the Claim is necessary to protect the rights of BofA until the conclusion of the Appeal. Accordingly, in order to preserve its interests, BofA objects to the Plan and requests that Debtors be ordered to maintain reserve funds for contingent, disputed, and unliquidated claims, including BofA's Claim.

## CONCLUSION

WHEREFORE, BofA respectfully requests that the Court order that the full amount of the Claim, $17,920,775.76, be held in reserve from distributions otherwise payable under the Plan until the Appeal is resolved, and grant such other and further relief as the Court deems just and proper.

Date:  June 17, 2011                    Respectfully Submitted,

                                        **BRYAN CAVE LLP**

                                        By:     *//s// Keith M. Aurzada*
                                                Keith Miles Aurzada
                                                Texas State Bar No. 24009880
                                                Keitha M. Wright
                                                State Bar No. 24075310
                                                2200 Ross Avenue, Suite 3300
                                                Dallas, TX  75201
                                                Telephone:  214.721.8000
                                                Facsimile:  214.721.8100

                                        ATTORNEYS FOR BANK OF AMERICA

## CERTIFICATE OF SERVICE

The undersigned hereby states that on the 17th day of June 2011, a true and correct copy of the foregoing instrument was served via e-mail through the Court's ECF system to all parties consenting to service through same in this case and by courier to the following:

Mark E. MacDonald
MacDonald + MacDonald, P.C.,
10300 N. Central Expressway, Suite 335,
Dallas, Texas 75231,

Michael D. Warner
Cole, Schotz, Meisel, Forman & Leonard, P.A.,
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102,

                                        *//s// Keith M. Aurzada*
                                        Keith M. Aurzada