David W. Elmquist - SBT #06591300
**REED & ELMQUIST, P.C.**
604 Water Street
Waxahachie, Texas 75165
(972) 938-7339  Fax: (972) 923-0430

**ATTORNEYS FOR THE MADRIGAL TRUST**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DLH MASTER LAND HOLDING, LLC | § | Case No. 10-30561-HDH-11 |
| and ALLEN CAPITAL PARTNERS, LLC, | § | (Jointly Administered Under |
| | § | Case No. 10-30561-HDH-11) |
| Debtors. | § | **Hearing Date: June 21, 2011** |
| | § | **Hearing Time: 9:00 a.m.** |

**OBJECTION OF THE MADRIGAL TRUST TO
DEBTORS' FIFTH JOINT PLAN OF REORGANIZATION**

TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW the Madrigal Trust (the "Madrigal Trust"), a secured creditor herein, and submits the following Objection to the Debtors' Amended Fifth Joint Plan of Reorganization, filed on May 19, 2011 (Docket No. 943; the "Amended Plan"), as supplemented by the Supplement to Debtor's Amended Fifth Joint Plan of Reorganization – Plan Documents filed on June 8, 2011 (Docket No. 978; the "Supplement").

I.  Factual Background

1.  The Madrigal Trust's secured claim is evidenced by a promissory note (the "Note") dated March 28, 2007, in the original principal amount of $714,187.50, payable to Eleno Madrigal, Trustee of the Madrigal Trust. The maker of the Note is a predecessor to the Debtor, DLH Master Parcel No. 78, L.P. (the "Borrower"). The maturity date of the Note is March 28, 2012, which is five years from the date the Note was executed. The Note provides for payments in five annual installments of principal and accrued interest.

2. The Note is secured by a deed of trust lien dated March 28, 2007 (the "Deed of Trust"), in which the Borrower granted to the Madrigal Trust a lien on 39.82 acres of partially improved real property located in the City of Hutchins, Dallas County, Texas, commonly referred to as Tract 78 (hereafter "Tract 78").

3. Among the obligations contained in the Deed of Trust is the obligation of the borrower to "pay all taxes and assessments on the Property before delinquency." The Debtor has failed to pay the 2010 real property taxes attributable to the Property. The amount currently owed to the local taxing authorities for property taxes, accrued interest and penalties is $23,322.03. If this sum is not paid by June 30, 2011, then the amount due as of July 1, 2011, will be $28,716.54. After July and through the date of payment, the amount of interest and penalties increases by 1% each month.

4. In addition to the 2010 property taxes on Tract 78, the Debtor is indebted to Dallas County and other local taxing authorities for 2011 property taxes. Based on the tax appraisal notice for 2011 issued by the Dallas County Appraisal District, the property taxes on Tract 78 for 2011 will be $16,279.80.

5. Since the Debtor has failed to pay the 2010 property taxes on Tract 78 the Madrigal Trust has a contingent claim against the Debtor arising from these unpaid taxes and the accrued (and accruing) interest and penalties.

6. Because the Debtor failed to pay ad valorem taxes on Tract 78 and certain other real property of the Debtor, Dallas County filed a secured claim in the amount of $21,068.36. Of this sum, $20,280.03 represents the taxes due and owing on Tract 78.

7. In the Amended Plan the Madrigal Trust has been classified as a Class 3D ("Pool 4") Secured Creditor. (Each Class 3 Creditor constitutes its own class.) As a Class 3D Secured Creditor, DLH Master Land Holding, LLC ("DLH") proposes to issue to the Madrigal

Trust a "Pool 4 Note" in the amount of its Allowed Secured Claim. The form of the Pool 4 Note is attached to the Supplement as Exhibit G (the "Pool 4 Note").

8. The Pool 4 Note is a non-recourse note, except with respect to the following obligations:

> **3.16 Non-Recourse**
>
> . . .
>
> [Debtor] shall remain liable to [the Madrigal Trust] and subject to suit, judgment and personal remedies for Lender's losses and damages resulting from (i) the failure by [Debtor] to pay taxes or assessments, subject to [Debtor's] right to contest such taxes and assessments, (ii) the misapplication by [Debtor] of insurance proceeds or condemnation awards paid in connection with the Parcel prior to foreclosure, (iii) fraud or intentional misrepresentation by [Debtor] in connection with the Loan, (iv) physical waste with respect to the Parcel, and (v) reasonable attorneys' fees and expenses incurred by [the Madrigal Trust] to collect the items indentified [*sic*] in (i)-(iv) above.

Under the Pool 4 Note the Debtor is also liable to the Madrigal Trust with respect to the following enforcement costs:

> **3.6 Enforcement Fees and Costs**
>
> [Debtor] shall immediately reimburse [the Madrigal Trust] for all actual fees and costs, including attorneys' and experts' fees and costs, incurred by [the Madrigal Trust] for: (i) enforcement of this Note or any of its terms, or the exercise of any rights or remedies hereunder and/or at law, in equity or otherwise, whether or not any action or proceeding is filed; or (ii) representation of [the Madrigal Trust] in any bankruptcy, insolvency, reorganization or other debtor relief or similar proceeding of or relating to [Debtor], any person liable (by guaranty, assumption, endorsement or otherwise) upon any of the obligations of this Note, or to the Parcel. All such fees and costs shall bear interest until paid at the rate of 8% per annum.

9. As indicated above, the Pool 4 Note provides for certain recourse obligations against the Debtor, but the Pool 4 Note also provides that all obligations under the Pool 4 Note are satisfied either upon payment of the principal and interest on the Pool 4 Note within twenty

(20) days after the Maturity Date (as defined in Pool 4 Note) or "[the delivery] to the Madrigal Trust either a deed in lieu of foreclosure or a written consent to immediate foreclosure and surrender of possession of the Parcel, together with an executed partial release of the Parcel from the subordinate lien securing the Loan, at the option of the [Madrigal Trust] in full satisfaction of this Note."

10. The Amended Plan does not provide for the outright payment of the 2010 property taxes on Tract 78, nor for the payment of accrued interest and penalties relating to these unpaid taxes. Furthermore, the Debtor does not provide for a reserve or escrow fund to pay Tract 78 taxes, interest and penalties in the event these obligations are not paid through the Debtor's sale of Tract 78 after the Effective Date of the Amended Plan.

## II. Objection to Confirmation

11. The Madrigal Trust objects to the Amended Plan because it is not "fair and equitable" within the meaning of Bankruptcy Code § 1129(b)(2). In particular, the Amended Plan does not provide for cash payments to the Madrigal Trust equal to the value of the Madrigal Trust's secured claim. Nor does the Amended Plan provide for the realization by the Madrigal Trust of the "indubitable equivalent" of the Madrigal Trust's secured claim.

12. The Debtor's potential "give back" of Tract 78 presumably satisfies § 1129(b)(2)(A)(iii) based upon Tract 78 being the "indubitable equivalent" of the Madrigal Trust's secured claim. See *Sandy Ridge Dev. Corp. v. Louisiana Nat'l Bank (In re Sandy Ridge Dev. Corp.)*, 881 F.2d 1346 (5th Cir. 1989), reh'g denied, 889 F.2d 663. However, the Debtor's proposed give back of Tract 78 does not satisfy the indubitable equivalent requirement as articulated in *Sandy Ridge* because, at the time of such proposed transfer, Tract 78 will not be the "indubitable equivalent" of the Madrigal Trust's secured claim as of the confirmation date due to the additional property taxes, the interest and penalties that will have accrued between the

confirmation date and the date Tract 78 is transferred back to the Madrigal Trust. The proposed give back also fails to satisfy the requirements of § 1129(b)(2)(A)(iii) because the Debtor proposes to transfer Tract 78 to the Madrigal Trust in full satisfaction of its claim under the Pool 4 Note, as opposed to "for a credit on the indebtedness to the extent of the value of the [surrendered property]." *Sandy Ridge*, 881 F.2d at 1349. See also *In re Wermelskirchen*, 163 B.R. 793 (Bkrcy. N.D. OH 1994).

13. The Madrigal Trust further objects to the Amended Plan because the Debtor has failed to provide for an escrow or a reserve fund to satisfy the Madrigal Trust's contingent claim arising from the Debtor's failure to pay the 2010 property taxes and accrued interest and penalties relating to Tract 78.

WHEREFORE, the Madrigal Trust respectfully requests that its objection be sustained as set forth above, that the Court deny confirmation of the Amended Plan, and that the Court grant it such other and further relief to which it may be entitled.

Dated: June 17, 2011.

Respectfully submitted,

**REED & ELMQUIST, P.C.**
604 Water Street
Waxahachie, TX 75165
(972) 938-7339
(972) 923-0430 (fax)

By: */s/ David W. Elmquist*
    David W. Elmquist – SBT #06591300

**ATTORNEYS FOR THE MADRIGAL TRUST**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 17, 2011, a true and correct copy of the foregoing Objection was served electronically on Debtors' counsel, counsel to the Official Unsecured Creditors Committee, the U.S. Trustee's Office, and on all other registered ECF users in this case.

/s/ David W. Elmquist
David W. Elmquist