M. Suzanne Frossard, P.C.
Attorney at Law
3709 S. University Drive
Fort Worth, TX 76109
(817) 924-3211 phone
(817) 926-5312 fax
sfrossard@frossardlaw.com
Attorney for T.E. Frossard, Jr., Trustee

## IN THE UNITED STATED BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DLH Master Land Holding, LLC,** | § | **Case No. 10-30561-hdh-11** |
| **Allen Capital Partners, LLC,** | § | |
| **Richard S. Allen, Inc.,** | § | |
| **Richard S. Allen,** | § | **Chapter 11 (Jointly Administered)** |
| | § | |
| **Debtors.** | § | **Hearing: June 21, 2011 At 9:00 a.m.** |

## OBJECTION OF T.E. FROSSARD, JR., TRUSTEE TO PLAN CONFIRMATION OF DEBTORS' FIFTH AMENDED JOINT PLAN OF REORGANIZATION

**NOW COME(S)** T.E. Frossard, Jr., Trustee (hereinafter referred to as "FROSSARD" –the singular to include the plural), and files this **Objection to Plan Confirmation**, stating as grounds therefore the following:

### I.
### Jurisdiction

1)     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1129 *seq.* This is a core proceeding under 28 U.S.C. § § 157(b)(2)(L). This Objection is designated as a contested matter under Bankruptcy Rule 9014.

### II.
### Parties and Service

2)     The Debtor (whether one or more), has been served with a copy of this Objection pursuant to Bankruptcy Rule 7004(b)(9). If applicable, Debtor's Counsel has

also been served with a copy of this Objection at the address of record.

### III.

### Preliminary Statement

3)      FROSSARD is a fully secured creditor, holding secured claim against property of the Estate in the amount of approximately $897,389.20.

### IV.

### Objections

4)      FROSSARD objects to confirmation of the proposed plan to the extent that the plan fails to provide for the amended Proof of Claim which includes the payment of the 2009 property taxes advanced by FROSSARD on behalf of Debtor against the real property.  Furthermore, FROSSARD objects to the extent that the proposed plan fails to provide for the repayment of the value of FROSSARD's claim as of the Effective Date as the bankruptcy code requires.

5)      FROSSARD also objects to confirmation of the proposed plan because the Plan, as outlined, is likely to be followed by liquidation.  *See* 28 U.S.C. § 1129(a)(11). FROSSARD argues that the plan is not feasible b/c the plan is speculative at best, relying on speculative auctioning of property.  In fact, the entire first year solvency depends on these speculative auctions.  Furthermore, the proposed marketing efforts will result in substandard and fire-sales of the properties surrounding the Property, devaluing Frossard's property, an event that is not accounted for in the inflation estimates by Debtor.  The marketing efforts have supposedly been happening during the pendency of this bankruptcy, and there are no sales thus far.  The future sales of the property, which is the only basis of the entire plan, depends on these supposed "future sales".

6)    FROSSARD further objects to confirmation on the grounds that the Plan, as structured, is not fair and equitable.  One, the plan allows the Debtor to "pick and choose" among parcels; the Debtor can take the best of the lot, and extend the options in an attempt to sell and make money on those parcels.  Any sale of Pool 2 land will not go to pay the Pool 2 creditors as deferred cash payments but will go to pay the self-serving priority loan of Debtors at a much higher interest rate than the cramdown Pool 2 creditors will receive.  Two, the risk of this "marketing" effort by Debtor, which has already been going on for a year now, falls on the Lender and not the Debtor.  Debtor can at the end of the day pick the best parcels of Pool 2 to extend the option and try to sell, leaving the other parcels devalued and abandoned.

**WHEREFORE, PREMISES CONSIDERED,** FROSSARD's respectfully prays that this Court sustain its Objection to Summary Plan Confirmation, that it deny confirmation of the Debtor's Plan, that the Court award reimbursement of cost and reasonable attorney's fees incurred for filing and resolution of this objection, and for such other and further relief, at law or in equity, as is just.

Respectfully submitted,

**M. SUZANNE FROSSARD, P.C.**

/s/ Suzanne Frossard
**SUZANNE FROSSARD**
TX State Bar No. 24025371
3709 S. University Dr.
Fort Worth, Texas 76109
(817) 924-3211 phone
(817) 926-5312 fax
sfrossard@frossardlaw.com
Attorney for FROSSARD Servicing Solutions,
Inc. as servicer for Genesis Tax Solutions, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via first class United States Mail postage prepaid and/or electronic filing on all parties requesting notice on this 17th day of June, 2011, to the parties listed on the court's ECF noticing system vial electronic mail, along with a copy to the following:

Mark E. MacDonald
MacDonald & MacDonald, P.C.
10300 N. Central Expressway, Ste. 335
Dallas, Texas 75231
*Counsel for Debtors'*
*DLH Master Land Holding, LLC*
*and Allen Capital Partners, LLC*

Michael D. Warner
Rachel R. Obaldo
301 Commerce Street, Ste. 1700
Fort Worth, Texas 76102
*Counsel for Official Committee of Unsecured*
*Creditors*

U.S. Trustee
1100 Commerce Street
Room 976
Dallas, Texas 75242

/s/ Suzanne Frossard